Per Curiam.

The acceptance of a deed of the premises, in 1? 86, from his parents, by Henry Sinsabaugk, the father of the lessors of the plaintiff, does away the force of the testimony of Rockafillow that he had previously held adversely to the rightful title of his mother, or if he had previously so held, the adverse possession then terminated, and he held under Ms parents such right as the deed conveyed. That right was only the interest which his father had in the premises, as his mother never acknowledged the deed, and his father was seised only jure uxoris, and, at most, had but an estate for life. The title, from the year 1770, was shown to be in Elisabeth, the mother. On the death of Jacob Sinsahaagh, his son Henry’s right expired, and the estate was vested in Elisabeth, his mother, who survived him for about two years; and it is admitted in the case that the defendant had a paper title derived under her to eight ninths of the premises. The lessors of the plaintiff, being two of the three children of Henry, are, then, entitled only to two thirds of one ninth of the premises; and by what principle, then, are they to recover more in this action ? It is urged, on the part of the plaintiff that the act of John C* Tice (the second husband of Henry’s widow) and his son, in June, 1802, in surrendering the possession to Jacob Bookstaver and taking a lease under him, was a fraudulent attornment. This will depend, however, upon the extent of the interest which Tice and his wife held in trust for her children, of whom the lessors of the plaintiff were two. They had no right under their father, because their father left none, and the estate was then in their grandmother Elisabeth, if living, and if dead, (as is presumed,) they had only their undivided share, as her grandchildren, and took such share as their father would have taken, if living, that is, one ninth. A guardian cannot do any act 'that shall work an injury to the ward; but if the mother of the lessors of the plaintiff as guardian, had held possession as against Elisabeth, it would have been a tort and an intrusion* BoqIcstaver had, .jsi 1806, in himself, a title to five ninths of the *448 premises, and was, consequently, a large tenant in common. The attornment to him by the Tices was void undoubtedly, as to the right or interest of the children of Hem'!/ in the premises, and that interest was only one ninth, and (o that proportion their claim re - mains perfect. The mother of the lessors and her second nus band held posséssion in their behalf, only to the extent of their rights, and no further. The lessors of the plaintiff are, consequently, entitled to recover two thirds of one ninth of the premises, and no more.
Judgment accordingly