Upon the trial of this action the plaintiff's counsel objected to the admission of evidence of a parol license to commit the acts of waste complained of. This objection was sustained, but at the same time the court ruled that it was competent for the defendant to give in evidence a parol agreement, mutually beneficial to the parties, by which wood was to be cut and the land seeded; or in other words, for it seems to me that such is its meaning, that the defendant might prove a contract of sale of the wood to him, founded on the consideration that he would seed down the land that he cleared. To this ruling the plaintiff's counsel excepted, and I think that the exception was well taken. In the case of Green v. Armstrong (1 Denio, 556), the court, after a thorough examination of the cases, held that a parol contract for the sale of growing trees was void by the statute of frauds, it being a contract for the sale of an interest in land. This decision, as far as I am aware, has been received with approbation, and may be considered as the settled law of this state.
A witness was afterwards introduced who was asked whether there was pasture land upon the place proportionate to the quantity of meadow, and also whether he considered the cutting of the timber a benefit to the inheritance. Both of these questions were objected to and the objection was overruled, and the plaintiff's counsel excepted.
When the law defines waste to be whatever does a lasting damage to the freehold or inheritance, it does not mean that *Page 118 
it is to be left to a jury to determine, according to the opinions of witnesses, whether the act complained of causes such damage. Certain acts are, in contemplation of law, per se
injurious to the freehold, and the only subject of inquiry for the jury is whether such acts have been committed. By the law of England it is considered waste to cut timber. It is also considered waste to convert wood-land into meadow or pasture or arable land. These rules have been modified to some extent in this state, in reference to wild and uncleared lands leased for agricultural purposes. (Jackson v. Brownson, 7 John., 227;Kidd v. Dennison, 6 Barb., 9.) This has been done from the necessity of the case. The premises upon which the waste is alleged to have been committed in this case, as appears by the bill of exceptions, had been cleared and cultivated. They were let as a dairy farm, and there was a covenant against waste. It is not pretended that all the wood cut down was required for fences or repairs of the buildings, or for any other purpose for which it might be legally used by the tenant. Under these circumstances, I think that the clearing of the wood-land was in itself an act of waste; and whether it was so or not is a question of law, to be decided by the court and not by the opinions of witnesses. Neither were the questions objected to admissible in reference to the amount of damages. The exceptions to the ruling of the court, in reference to both of the questions, were well taken, and a new trial should be granted. As none of the other exceptions are insisted upon by the plaintiff I have not considered it necessary to allude to them.