----

## TORRY v. BLACK, appellant.

*Waste — upon lands of infant — license and release by guardian.*

The defendant cut and carried away timber from the lands of plaintiff, who was then a minor. In an action against him for waste, defendant set up a parol license from the guardian of plaintiff for his acts, and also a release from all claim for damages by such guardian. The release was without consideration. The defendant offered evidence of the license, and also offered the release, but was not permitted to introduce either.

*Held*, that defendant was liable for the waste; *held*, also, that the evidence of license was properly rejected, the guardian having no authority to give it, and that the release was properly rejected, being without consideration.

IN 1851, the father of the plaintiff died intestate, leaving a large real and personal estate. He left surviving him a widow and the plaintiff who was his only heir. The plaintiff came of age in April, 1871. The defendant was the grandfather of the plaintiff, and he took out letters of administration on the estate of plaintiff's father. The grandfather after taking out letters of administration cut and carried away a large quantity of timber growing on the land that descended to the plaintiff.

The plaintiff, on attaining his majority, brought this action to recover damages for such unlawful cutting and carrying away.

The defense set up in the answer is, that the timber was cut with the consent and approval of plaintiff's mother, who was his guardian and entitled to dower in said premises, and that he' afterward settled with her for the said timber and was released by her from all claim therefor; and that since the plaintiff came of age he ratified such settlement.

On the trial the defendant offered to prove that the timber was cut with the assent of the guardian. The evidence was objected to and the objection was sustained, and defendant's counsel excepted.

Evidence was given by the defendant, that the plaintiff, since he came of age, repeatedly said that his matters with his grandfather were all settled, except about a mortgage which he had given on the plaintiff's land by the authority of the county court. On other occasions he said there had been a settlement before the surrogate and every thing settled. He had nothing against his grandfather, if that mortgage was paid.

The defendant offered in evidence the paper called the release by plaintiff's mother to the defendant, in which it is recited that they had settled all matters pertaining to the estate of the plaintiff, and for all moneys raised by the defendant upon mortgage, by authority of the Onondaga county court, and for all other claims that plaintiff has, or may have, against said defendant, arising or growing out of the estate of the father of the plaintiff, and each party released the other from all such claims.

This evidence was objected to by plaintiff's counsel and the objection sustained, and the evidence rejected and defendant's counsel excepted.

The question of damages was submitted to the jury and they found $650, for which sum, with costs, judgment was entered and defendant appeals.

*Geo. N. Kennedy*, for appellant, cited 1 R. S. 718, §§ 5–7; *Beecher* v. *Crouse*, 19 Wend. 306–308; *Sylvester* v. *Ralston*, 31 Barb. 286; *Byrne* v. *Van Hoesen*, 5 Johns. 66; *Holmes* v. *Seely*, 17 Wend. 75; *The Xenia Branch Bank* v. *Lee*, 2 Bosw. 694; *Cramer* v. *Benton*, 60 Barb. 216.

*Hiscock, Doheny & Gifford*, for respondent, cited *Patterson* v. *Richards*, 22 Barb. 146; *Drake* v. *Cockroft*, 10 How. 377; *Schnaderbeck* v. *Worth*, 8 Abb. 37; *Edgerton* v, *Page*, 20 N. Y. 281; *Chambers* v. *Lewis*, 10 Abb. 206; 2 R. S. 153 (Edm. ed. 159), § 20; *Hussard*

v. *Rowe et al.*, 11 Barb. 22; *Copley* v. *O'Neil*, 1 Lans. 214; *Wilcox, adm., et al.* v. *Smith*, 26 Barb. 316; Will. on Ex., ch. 6, p. 449; *Hatch* v. *Brewster*, 53 Barb. 279; *Clapp* v. *Meserole et al.*, 38 id. 661, 664; *Clark, receiver, etc.*, v. *Brockway*, 3 Keyes, 13; *Bishop* v. *Church et al.*, 3 Atk. Ch. 691; *Rogers* v. *Rogers*, 3 Wend. 503; *Dudley* v. *Griswold*, 2 Bradf. 24; *Williams* v. *Purdy*, 6 Paige, 166, and *Clark* v. *Clark*, 8 id. 152.

MULLIN, P. J. Cutting and carrying away timber by a guardian from his ward's land is waste, unless it is required for the erection or repair of fences, or buildings, or good husbandry requires its removal, either because the land on which it stands is required for cultivation, or to prevent loss by decay or other cause beyond the control of the guardian. McPherson on Infancy, 299, 300, 303.

The guardian in this case did not remove the timber, but permitted defendant to do it. Unless she had authority to cut the timber herself she could not authorize another to do it.

In Bacon's Abridgement, title "Waste," 442, it is said that no action of waste lies against a guardian in socage, but an account or trespass. Several authorities are cited to the contrary.

The Revised Statutes (621, § 1, 5th ed.) provides that if any guardian, etc., shall commit waste during their several estates of the houses, gardens, orchards, lands, or woods, or other thing belonging to the tenement so held without a special or lawful authority so to do, he shall be liable to an action of waste.

And by 3 R. S. (5th ed.) 624, § 1, an action of trespass lies against any person who, without leave, cuts and carries away timber from the land of another with treble damages.

Besides these remedies the ward may call on the guardian to account in equity for the timber taken.

When waste is committed by a stranger while the guardian is in possession of the ward's land, the guardian is not liable for such waste. Bacon's Abr., title "Waste," 447.

If the guardian is not liable for the waste committed by the defendant, she would not be liable in trespass, as mere consent that the defendant might commit the trespass would not make her a trespasser. Had the timber been cut by her order, or at her request, so that the wrong-doer was acting as her agent, or in conjunction with her in doing the unlawful act, the guardian would be liable. 1 Chit. Pl. 208.

If the guardian is not liable for the injury done in cutting the timber, the defendant must be, unless the license from the guardian protects him, or her release discharges him, as the plaintiff could not sue during his minority, he may sue on attaining his majority, unless precluded by some act of his guardian.

The offer to prove, by parol, a license from the guardian to cut the timber was properly rejected. She had no authority to give such a license, and, being by parol, it was void if given. *McGregor* v. *Brown*, 10 N. Y. 114, and cases cited.

The release was properly rejected. It was without consideration, nothing was paid by the defendant, and it does not appear that defendant had any claims against the plaintiff at the time the release was executed, and which defendant pretended to release that could furnish a consideration for the release of the defendant.

The general rule is that a guardian can do nothing to prejudice the rights of the ward. *Jackson* v. *Sears*, 10 Johns. 435, 441.

It was incumbent on the defendant to prove the facts that must be established to make the release operative against the plaintiff.

The declarations of the plaintiff do not show a ratification by him of the acts of his mother, they are altogether too loose and unsatisfactory to be allowed to have such effect.

The judgment must be affirmed.