HUDDLESTON, Respondent, vs. JOHNSON, Appellant.

*March 2 — March 27, 1888.*

*(1) Justice's court: Jurisdiction: Title to land. (2, 3) Land contract: Waste: Conversion: Evidence.*

1. In an action in justice's court for the conversion of timber the complaint alleged that the title to the land from which the timber was cut was in the plaintiff's brother, who gave him license to cut the same. The answer denied the allegations of the complaint and alleged title to the land in the defendant. *Held,* that the title to land came in question, and the cause was properly removed to the circuit court, under sec. 3619, R. S.

2. The vendee in a land contract expressly stipulated that " he would not commit, or suffer any other person to commit, waste or damage to or upon said premises." He permitted his brother to cut in different places on the land several valuable trees for stave timber. Afterwards, having paid nothing on the contract, he assigned it back to the vendor to be canceled. The vendor took possession of the timber so cut. *Held,* that he was not liable in an action by the vendee's brother for a conversion of such timber.

3. In such a case the fact that the land was purchased for a farm, or that it would be worth more when cleared of trees, could not justify the promiscuous cutting of trees to make staves to be carried away and sold.

APPEAL from the Circuit Court for *Pierce* County. The case is stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff.

Huddleston vs. Johnson.

*J. S. White,* for the appellant.

For the respondent there was a brief by *Smith & Vannatta,* and oral argument by *Mr. C. Smith.*

ORTON. J.   This action was brought before a justice for the conversion of a lot of stave timber of the value of $25. The plaintiff alleges title to the land on which the stave timber was cut in his brother, Samuel Huddleston, who sold the timber to the plaintiff or gave him license to cut the same.   The defendant denied the allegations of the complaint, and alleged title to the land in himself.   The justice thereupon certified the case to the circuit court on the ground that the title was put in issue by the pleadings. The appellant claims that there was no ground for such removal of the case, and that the circuit court acquired no jurisdiction to try the same.   It seems that the title was properly, if not necessarily, put in issue by the pleadings, and that it properly came in question on the trial.   The title of the land was the foundation of the right of either party to the timber.   Sec. 3619, R. S.   The case was properly removed.

The facts in evidence were substantially as follows: On the 4th day of June, 1886, the defendant and the said Samuel Huddleston entered into an agreement under seal in respect to the land in question, as follows: the defendant, who was the owner of the land, stipulated that in consideration of $1 paid, and the payment of the further sum of $400 (with ten per cent. interest, payable annually) on the 4th day of June, 1890, according to a note then given by the said Samuel Huddleston to the defendant, he would convey said land to said Huddleston.   The said Huddleston agreed to pay said note and interest promptly, and pay the taxes on said land, and that "*he would not commit, or suffer any other person to commit, waste or damage to or upon said premises.*"   Time of payment is made the essence of the

contract, and default of ninety days was to cause a forfeiture of all the rights of Huddleston under the contract. It is stipulated further that the right of possession should remain in the defendant until the fulfilment of the contract, and that Huddleston should in the mean time be the tenant of the defendant. The said Huddleston, soon after said contract was entered into, cleared off about two acres, in one corner of said land, of timber and underbrush. He did nothing more with the land, and paid nothing on the contract; and on the 23d day of September, 1886, he assigned back said contract to the defendant to be canceled. In July of that year the said Samuel Huddleston gave the plaintiff permission to go upon the land and cut stave timber; and, accordingly, the plaintiff did go on the land and cut in different places several valuable trees suitable for stave timber, or, as he testified on the trial, "The trees I cut were scattered *promiscuously* all over the forty." Again he testified. "I was chopping them for the purpose of getting staves, and for no other purpose." . The cutting down of these trees had nothing to do with the clearing of the land. The timber, when so prepared, was piled up on the premises and left there; and when the defendant received back the contract to be canceled, in September, or soon after, he removed said timber to another place near by, and piled it up, and this was its condition when the suit was brought. The plaintiff testified further that when he did the cutting he knew that his brother held this land only by this contract and had not paid for it.

The errors assigned are: (1) The plaintiff was allowed, against objection, to testify in answer to the question, "For what purpose did he [your brother] purchase it?" that "He purchased it to make a farm of it." Can any one conceive how this evidence could affect the rights of the parties under this contract under seal? If such evidence could be allowed to change the terms of a written contract

in respect to the land,— which of course is preposterous,— how could it justify the cutting off the choice and selected trees, promiscuously, all over the tract, to make staves of to be carried away and used or sold? This is not the way to make a farm of the land, or to clear it off for a farm. The plaintiff had already testified that he cut the trees in this way "for the purpose of getting staves, *and for no other purpose*." (2) The plaintiff was allowed, against objection, to answer the question, "Would this forty of land be worth more cleared, or with the trees standing on it?" that "It would be worth more cleared." Such evidence is never allowed as a justification for *waste*. Abb. Tr. Ev. 534; *McGregor v. Brown*, 10 N. Y. 114. An agreement to sell the land does not imply a license to cut down trees. *Mooers v. Wait*, 3 Wend. 106. It was for the defendant to say whether he wanted the timber cut off the land. On this evidence, the court directed the jury to render a verdict of $23.49 for the plaintiff. The defendant moved for a new trial, and the motion was denied.

The plaintiff showed no right whatever to the timber cut or uncut, but did show that, by permission of his brother, he committed *waste* upon the land of the defendant without the semblance of justification or excuse. The written contract fixed the rights of the parties, and that contains a stipulation against waste. Samuel Huddleston never obtained any rights in the land, legal or equitable, outside of the contract, and such rights as he had, or could have, he voluntarily surrendered. He certainly never had any title to the land beyond the mere right to purchase it. If the citation of any authorities is needed in such a very plain case in reason and common sense, reference may be had to *Heath v. Van Cott*, 9 Wis. 522; *Hoile v. Bailey*, 58 Wis. 455; *Rector v. Higgins*, 48 N. Y. 538. The circuit court, if a verdict in this case ought to have been directed either way,

should have directed the jury to find for the defendant, rather than for the plaintiff.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded for a new trial.