(45 Misc. Rep. 436.)

### DE CAMP v. WALLACE et al.

(Supreme Court, Special Term, Herkimer County.    December, 1904.)

1. VENDOR AND PURCHASER—SALE OF STANDING TIMBER—BONA FIDE PUR-
CHASER.

Plaintiff purchased timber standing on certain land, and recorded the
contract of sale, with the declaration that he held as executor of his wife.
The vendor subsequently sold other timber to defendant's assignor, who
cut a portion of the timber covered by the sale to plaintiff. *Held*, that
neither defendant nor his assignor were bona fide purchasers; the sale
of the timber being a sale of interest in land, and notice to all parties,
when recorded.

2. TRUSTS—ACTION BY TRUSTEE.

Where a husband purchased timber standing on certain land, and re-
corded the contract of sale, with a declaration that he held the contract
as trustee for his wife's estate, it constituted a valid trust, authorizing
him to bring action for a violation of the contract as trustee of the estate.

3. TRESPASS—DAMAGES—INJUNCTION.

Where defendant cut standing timber which had been sold to plaintiff,
but had not removed it, in an action by plaintiff he could recover only
nominal damages, where the timber was as valuable cut as when uncut.

Action by William S. De Camp against Christopher Wallace and
Frank Wallace. Judgment for plaintiff.

Hiram H. Ryel (H. W. Bentley, of counsel), for plaintiff.
Snyder, Cristman & Earl, for defendants.

WRIGHT, J. The material facts of this case are as follows: On
September 11, 1899, De Camp, the plaintiff herein, accepted an offer
of one Mrs. Fisher for the sale of all the spruce timber of and over
10 inches in diameter standing on her lands in township 7, Herkimer
county, N. Y. This contract was recorded in the county clerk's office
December 7, 1901, together with a declaration by the plaintiff that
he held the contract in trust, as executor, for the estate of his deceased
wife. On June 12, 1902, De Camp sold to the Gould Paper Company
certain timber standing on his own lands, and also 10,000 cords of
spruce timber of and over 10 inches in diameter standing on the lands
of Mrs. Fisher, which he held under his contract. Counsel for the
defendants claim that by this contract De Camp sold timber that did
not belong to him. A close inspection of the contract does not reveal
this fact. By its terms only spruce timber not smaller than 10 inches
in diameter was sold on the "Easterly and Westerly lines," and the
10,000 cords to be cut from the lands of Mrs. Fisher were subject to
the "above recited restrictions as to cutting." Hence the timber sold
by plaintiff on Mrs. Fisher's lands was clearly limited within his
rights. The Gould Paper Company employed one Joslyn to cut the
timber. He cut the 10,000 cords from the lands of Mrs. Fisher.
There is controverted evidence that while on the lands of Mrs. Fisher
he cut spruce under 10 inches in diameter standing on a certain burned-
over area. But it is shown that Mrs. Fisher's timber agent, Todd,
gave leave to Joslyn to cut all the burned stuff, whether of 10 inches
in diameter or not. There is no evidence that Gould's contract with
De Camp was violated in any other particular. In July, 1904, Mrs.

Fisher sold to one Wakeley all the spruce, pine, hemlock, balsam, tamarack, also certain hard wood, located on her three lots, in ranges 1 and 2 in township 7, and being the lands cut over by Joslyn during the season of 1903–04. This contract was recorded August 15, 1904. Wakeley sold and assigned his interest in the contract to Christopher Wallace, one of the defendants herein. The assignment was recorded. Later in August, the defendants entered on the said lands of Mrs. Fisher and cut 75 cords of spruce, mostly of and over 10 inches in diameter, in the virgin forest, on portions of the land not cut over by Joslyn. Plaintiff procured an injunction restraining the defendants from further cutting, and brings this action for damages, and for a permanent injunction restraining the defendants from further cutting of spruce of and over 10 inches in diameter on those lands of Mrs. Fisher covered by plaintiff's contract which have not been previously cut over by Joslyn.

The defendants claim they had a right to cut the timber in question. Let us examine the terms of the Fisher-De Camp and Fisher-Wakeley contracts. By the former contract all the spruce of and over 10 inches in diameter is sold to De Camp; by the latter, all the spruce, pine, hemlock, balsam, and other timber on the six lots of township 7, "being the lands cut over by Joslyn," is sold to Wakeley. If the Fisher-Wakeley contract purports to sell spruce of and over 10 inches in diameter on lands not cut over by Joslyn, it is to that extent void as against De Camp. Mrs. Fisher had no right to sell that spruce timber to Wakeley, because she had already sold it to De Camp. Neither Wakeley nor his assignee, Christopher Wallace, had, therefore, any right to cut spruce timber of and over 10 inches in diameter on those lots that had not been cut over by Joslyn. But it is claimed that Wakeley and the defendants are bona fide purchasers from Mrs. Fisher; that they had no notice of De Camp's rights; that the instrument De Camp recorded was a mere option, and, as such, was not entitled to be recorded, and hence was not constructive notice to them. But the option had ripened into a valid contract of sale by the acceptance of the offer therein. 21 Am. & Eng. Encyc. of Law (2d Ed.) 929, 933; Clark, Cont. 50, 51, 168, 169; Boston & Maine R. Co. v. Bartlett, 3 Cush. 224; s. c., 1 Keener, Cas. Cont. 245. The declaration of trust recites that the contract was put in force by the "notice" given in conformity with its terms. The whole transaction, amounting to a complete contract of sale, is thus spread upon the record. The contract was for the sale of standing trees. It was therefore a contract for the sale of an interest in land. Green v. Armstrong, 1 Denio, 550; McGregor v. Brown, 10 N. Y. 114; Lacustrine Fer. Co. v. Lake Guano & Fer. Co., 82 N. Y. 476, 484; Thomson v. Poor, 147 N. Y. 407, 42 N. E. 13; Tied. Real Prop. § 9. Such a contract is within the recording act. In Vorebeck v. Roe, 50 Barb. 302, it was held that a contract for the sale of standing trees is one for the sale of an interest in lands, and falls within the intent and meaning of the recording act. This case is recognized in Lacustrine Fer. Co. v. Lake Guano & Fer. Co., 82 N. Y. 476, 485. Under these authorities, the contract was entitled to be recorded, and was therefore constructive notice to Wakeley and the defendants herein of De Camp's rights under his contract with

Mrs. Fisher. Further, I think the evidence fairly shows that both Wakeley and Christopher Wallace had sufficient actual notice of De Camp's rights to put them on inquiry. Wakeley testifies he knew when he took the contract with Mrs. Fisher that Joslyn had cut over a large area of the lots for Gould under Gould's contract with De Camp. He even settled with De Camp for a trespass by his own men on these very lots. This settlement is signed by Wakeley, and recites that the timber cut by him on range 2 and lot 4 had been already contracted to W. S. De Camp by Mrs. Fisher, and that this cutting constituted a trespass against Fisher and De Camp. The defendant Christopher Wallace, as assignee of Wakeley, is in the same position as his assignor. 4 Cyc. 79; Clark, Cont. 536; Eaton, Eq. 505. Christopher Wallace testifies he knew Mr. Gould had bought timber of Mr. De Camp on Mrs. Fisher's land, and that they lumbered on it. He understood that De Camp had bought this spruce and sold it to Gould, and that Joslyn was cutting for him. He read the Fisher-Wakeley contract, which recited, "and being the lands cut over by Joslyn." His own assignment recites these same words, and refers to the Fisher-Wakeley contract. Where facts or circumstances known to a person in relation to a matter in which he is interested are sufficient to make it his duty to inquire concerning the rights of others in the same matter, which inquiry would, if followed with due diligence, lead to the discovery of rights in conflict with his own, the general rule is that he will be held chargeable with notice of all that he might have discovered. 21 Am. & Eng. Encyc. of Law (2d Ed.) 584.

The plaintiff is not estopped from asserting his rights to the spruce timber in question simply because he did not define his rights when he gave Wallace a certain license to cross his lands with timber to be cut from Mrs. Fisher's lands under Wakeley's contract with her. De Camp never saw Wakeley's contract with Mrs. Fisher, and he had no information whatever that Wakeley or Wallace claimed any rights in the spruce timber of and over 10 inches in diameter on the lands of Mrs. Fisher not cut over by Joslyn. Moreover, the Fisher-Wakeley contract purports to cover certain hard wood, balsam, hemlock, etc., besides spruce. So it may have been assumed by De Camp that it did not cover the spruce of and over 10 inches in diameter which he had already bought. Finally, by recording his contract he discharged his whole duty toward Wakeley and the defendants, and gave them constructive notice of his rights.

It is urged that De Camp, as executor, has not sufficient title to the spruce timber in question to maintain this action. The contract was made by him in his individual capacity. He made and recorded a declaration that he held the contract as trustee for his wife's estate. A person by a valid declaration of trust may constitute himself a trustee for another of property already owned by him, or upon its acquisition in pursuance to a previous agreement. 28 Am. & Eng. Encyc. of Law (2d Ed.) 898; Martin v. Funk, 75 N. Y. 134, 31 Am. Rep. 446; Eaton, Eq. 373. The estate is not shown to be prejudiced by the declaration of trust. De Camp very properly appears in this action, therefore, for the protection of the interests of his trust.

It remains to inquire as to the amount of damages. It appears that the defendants cut 75 cords of spruce, mostly of and over 10 inches in diameter, in the virgin forest, which had not been cut over by Joslyn, and which belonged to the plaintiff under his contract with Mrs. Fisher. The timber was not removed, and about one-half of it is skidded. It appears, under the circumstances of this case, that the plaintiff has suffered no substantial damages by reason of this cutting. Plaintiff's witness Wilcox gives the only evidence as to damages. He testifies that the value of this cut timber is the same as if it were standing, namely, $3 per cord. If this be true—and it is not contradicted—the plaintiff is entitled to nominal damages only. The injunction, however, will be made permanent, restraining the defendants from cutting any spruce timber of and over 10 inches in diameter on the northerly parts of lots 4 in ranges 1 and 2, and being the parts of said lots not cut over by Joslyn, excepting the timber standing within 12 chains of the border of Blackfoot Lake; this being reserved to Mrs. Fisher under her contract with the plaintiff. Costs are awarded to the plaintiff.

Findings and judgment may be prepared accordingly.