◾ In the Matter of ALLSTATE INSURANCE COMPANY, Respondent, v EUGENE SULLIVAN, Appellant. [646 NYS2d 359] —In a proceeding pursuant to CPLR article 75 to stay arbitration of an underinsured motorist claim, the appeal is from an order of the Supreme Court, Orange County (Peter C. Patsalos, J.), dated June 27, 1995, which granted the petition and permanently stayed arbitration.

Ordered that the order is reversed, on the law, with costs, the petition is denied, the proceeding is dismissed, and the parties are directed to proceed to arbitration.

The court improperly granted the petition of the carrier (hereinafter Allstate) to permanently stay arbitration. Allstate contends that the insured (hereinafter the policyholder) settled his claim against a third-party tortfeasor for the maximum limit of the tortfeasor's insurance without first obtaining Allstate's consent, and that the failure to obtain Allstate's consent constitutes a violation of the insurance policy and is a proper basis for a permanent stay of arbitration. We disagree.

The policyholder made several efforts to obtain Allstate's consent. Allstate never responded. The policyholder's attorney then wrote to Allstate advising Allstate that the tortfeasor's

carrier had tendered its entire $10,000 policy, that Allstate's written consent to settle was respectfully requested, and that if Allstate did not respond within 30 days, the policyholder would settle the case and proceed with underinsurance arbitration. Allstate ignored this letter as well. Under such circumstances, Allstate is estopped from denying coverage *(see, Matter of State Farm Mut. Auto. Ins. Co. v Del Pizzo,* 185 AD2d 352; *see also, Matter of Aetna Cas. & Sur. Co. v Crown,* 181 AD2d 883; *Matter of Tri-State Consumer Ins. Co. v Hundley,* 208 AD2d 754).

We have considered Allstate's remaining contentions and find them to be without merit. Rosenblatt, J. P., Ritter, Pizzuto and Altman, JJ., concur.