■ In the Matter of the Arbitration between USAA CASUALTY INSURANCE COMPANY, Respondent, and MARLENE KAUFMAN, Appellant. [690 NYS2d 269] —Judgment, Supreme Court, New York County (William Davis, J.), entered February 10, 1998, which granted petitioner insurer's application to permanently stay arbitration of respondent insured's underinsured motorist claim, unanimously affirmed, without costs.

Respondent's argument that petitioner's disclaimer of underinsured coverage was untimely is improperly raised for the first time on appeal, and her argument that petitioner should be estopped from denying underinsured coverage is without merit. Respondent did not notify petitioner that she had been injured by an automobile and had commenced an action against the driver thereof until three days after she settled such action for the full amount of the driver's policy and gave the driver a general release. Such notice, written by respondent's attorney, did not even mention settlement negotiations, let alone that respondent had executed a release that, contrary to her contention, did not preserve petitioner's right of subrogation; nor did the notice request permission to execute a release, a condition precedent to underinsurance coverage. While the letter that respondent's attorney wrote to petitioner two weeks later did mention a settlement offer by the driver's carrier for the full amount of his policy, and warned that arbitration would be demanded if petitioner did not "discuss" respondent's underinsured claim, it still did not request permission to execute a release, continuing to portray the status of respondent's negotiations with the driver as an unaccepted offer pending petitioner's investigation. Petitioner responded, by diligently undertaking the very investigation of respondent's injuries and claims that she contends estops it from denying coverage, until, after some two months had passed, it learned of the settlement and thereupon disclaimed coverage. The circumstances are not at

all comparable to *Matter of Allstate Ins. Co. v Sullivan* (230 AD2d 732), on which respondent relies, in which the insurer simply failed to respond to the insured's express written request to settle. Finally, since the exclusion in the release was limited to no-fault claims, and respondent claimed against her insurer for underinsurance benefits, that exclusion did not operate to preserve petitioner's subrogation rights in the present case (*compare, Record v Royal Globe Ins. Co.*, 83 AD2d 154). Concur—Nardelli, J. P., Williams, Tom, Rubin and Friedman, JJ.