■ JOHN P. FISCHER et al., Appellants, v ZEPA CONSULTING AG. et al., Respondents. [695 NYS2d 456] —Order unanimously affirmed without costs. Memorandum: Supreme Court properly denied plaintiffs' motion for a preliminary injunction and granted defendants' cross motion for summary judgment dismissing the complaint. We reject plaintiffs' contention that the right of defendant Zepa Consulting AG. (Zepa) to cut the timber growing on plaintiffs' property is governed by the sale of goods provisions of article 2 of the Uniform Commercial Code and not real property law. UCC 2-107 (2), which applies to contracts for the sale of timber to be cut, is not applicable in the circumstances of this case. The deeds to plaintiffs expressly excepted all trees and timber deeded to defendants' predecessors, and the deeds to defendants' predecessors herein conveyed in perpetuity "[a]ll hardwood and softwood, timber, and trees now or hereafter lying" together with a right on the part of the grantee to enter onto the properties for the purpose of cutting the trees. Such a grant of timber, which transfers not only the timber then growing but also that which may grow in the future, and gives the buyer the right at any time thereafter to enter upon the premises and remove all the timber and wood, is a transfer of such an interest in land as constitutes a freehold estate (*see, McGregor v Brown*, 10 NY 114, 117). Thus, the

court properly determined that Zepa acquired a valid estate in property in the timber on plaintiffs' property and that plaintiffs purchased the property with record notice of defendants' rights to the timber growing thereon, as evidenced by each deed.

Plaintiffs contend that, even if Zepa has an "estate" in the timber growing on plaintiffs' property, it is a future estate that is void under the rule against perpetuities. That contention is raised for the first time on appeal and thus is not preserved for our review (*see, Gorman v Ravesi,* 256 AD2d 1134). In any event, there is no merit to plaintiffs' contention. There were no contingencies attached to Zepa's right to the timber growing on plaintiffs' property; rather, it "vested immediately and, therefore, it did not violate the rule against perpetuities" (*Sedor v Wolicki,* 206 AD2d 854, 856). (Appeal from Order of Supreme Court, Herkimer County, Kirk, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Wisner, Hurlbutt and Callahan, JJ.