OPINION OF THE COURT
 

 Smith, J.
 

 The issue before this Court is whether timber rights held by defendant Zepa Consulting AG. constitute a valid, perpetual estate in land or reflect a sale of goods subject to performance within a reasonable time
 
 (see,
 
 UCC 2-107, 2-309). We conclude, as did the Appellate Division, that the timber rights at issue constitute a valid, perpetual estate in land.
 

 Plaintiffs own parcels of real property in Hamilton County, situated within the Adirondack Park. The parcels comprise approximately 800 acres of contiguous, undeveloped forest land once held by a common grantor, J. Earle Harrer.
 

 During the 1950s and 1960s, Harrer sold each of the parcels at issue, excepting and reserving forever the right to all hardwood and softwood trees and timber on the lots. The exception and reservation were expressed differently in each of the deeds. Eventually, the lots were separately conveyed to plaintiffs herein, who concede that they took title through deeds that excepted and reserved the rights to all of the hardwood and softwood timber.
 

 In November 1978, Harrer conveyed his reserved timber rights in each of the five parcels, together with a right of way and easement, in perpetuity, to a corporate entity known as Imaco, Inc. Specifically, each of the five deeds conveyed by Harrer to Imaco granted:
 

 “[I]n perpetuity, All hardwood and softwood, timber, and trees now or hereafter lying, being and situate on or in that certain tract of land * * *
 

 “Together with a right of way and easement in per
 
 *69
 
 petuity, to and for the benefit of the grantee herein, its assignee(s) and successor(s) to, in, and through said lot, for the purpose of inspecting, cutting, skidding, piling and removing said hardwood and softwood, timber, and trees.”
 

 In January 1981, Imaco conveyed its rights in the property to a Swiss corporation, Technopulp AG., which later became defendant Zepa Consulting AG.
 

 In February 1996, defendant began harvesting timber from the five parcels. In January 1997, plaintiffs commenced this trespass action against defendant and others involved in the logging operation, seeking monetary damages, injunctive relief, and a declaration of the rights of the parties.
 
 [1]
 
 Defendants answered and asserted, as an affirmative defense, that Zepa holds a valid freehold interest, in perpetuity, in all hardwood and softwood timber and trees on plaintiffs’ parcels.
 

 Thereafter, plaintiffs sought a preliminary injunction barring further logging of their property. They argued that Zepa could not hold an interest in perpetuity in the timber because UCC article 2, governing the sale of rights to standing timber, imposed the requirement that performance occur within a reasonable time. Defendants cross-moved for summary judgment dismissing the complaint. On April 7, 1998, Supreme Court denied plaintiffs’ application for a preliminary injunction and granted summary judgment to defendants. The court concluded that Zepa holds a valid estate in the timber and that plaintiffs purchased their property with record notice of Zepa’s reserved timber rights.
 

 The Appellate Division unanimously affirmed, rejecting plaintiffs’ contention that Zepa’s right to cut the timber is governed by the sale of goods provisions of article 2 of the Uniform Commercial Code. Citing this Court’s 1854 decision in
 
 McGregor v Brown
 
 (10 NY 114, 117), the Court concluded, “Such a grant of timber, which transfers not only the timber then growing but also that which may grow in the future, and gives the buyer the right at any time thereafter to enter upon the premises and remove all the timber and wood, is a transfer of such an interest in land as constitutes a freehold estate” (263 AD2d 946). The Appellate Division further agreed with Supreme Court that plaintiffs purchased their property with
 
 *70
 
 record notice of defendants’ rights to the timber growing thereon, as evidenced by each deed. We granted plaintiffs’ motion for leave to appeal and now affirm.
 

 Plaintiffs challenge neither the original grantor’s (Harrer) reservation of timber rights on the parcels of land they now own nor Zepa’s subsequent acquisition of those same rights. Rather, plaintiffs contend that the sale of the reserved timber rights by Imaco, Inc. to Technopulp AG. (Zepa’s predecessor in interest) in 1981, or, for that matter, by the original owner to Imaco in 1978, constituted a sale of goods governed by the UCC rather than a conveyance of an interest in land. Plaintiffs contend that UCC 2-107 governs the conveyance of the timber rights at issue and that Zepa’s failure to harvest the trees within a reasonable period of time constituted an abandonment of its rights pursuant to UCC 2-309 (l).
 
 [2]
 

 Arguing that neither Zepa nor its predecessors in interest harvested any trees on the property for 18 years, plaintiffs contend that a “reasonable time” has expired and, consequently, that Zepa’s right to log on the property may no longer be exercised. Defendants, relying primarily upon this Court’s decision in
 
 McGregor v Brown
 
 (10 NY 114,
 
 supra),
 
 counter that a conveyance of growing trees in perpetuity, purporting to transfer not only the timber then standing but also that which may grow in the future, coupled with a corresponding, perpetual right to enter the land and remove such trees and timber, constitutes a sale of an interest or an estate in land.
 

 UCC 2-107 (2), as amended in 1977, provides as follows:
 

 “A contract for the sale apart from the land of growing crops or other things attached to realty and capable of severance without material harm thereto but not described in subsection (1) or of timber to be cut is a contract for the sale of goods within this Article whether the subject matter is to be severed by the buyer or by the seller even though it forms part of the realty at the time of contracting, and
 
 *71
 
 the parties can by identification effect a present sale before severance.”
 
 [3]
 

 UCC 2-107 (3) provides:
 

 “The provisions of this section are subject to any third party rights provided by the law relating to realty records, and the contract for sale may be executed and recorded as a document transferring an interest in land and shall then constitute notice to third parties of the buyer’s rights under the contract for sale.”
 

 Here, the rights Zepa purchased are not limited to merely severing standing timber
 
 (compare, Conservancy Holdings v Perma-Treat Corp.,
 
 126 AD2d 114). Rather, they convey, in perpetuity, “[a] 11 hardwood and softwood, timber, and trees now or hereafter lying,” together with a right on the part of the grantee (Zepa), in perpetuity, to enter the premises for the purpose of “inspecting, cutting, skidding, piling and removing” trees and timber. We agree with both Supreme Court and the Appellate Division that, under these circumstances, the right to cut standing and growing timber, in perpetuity, coupled with a perpetual easement appurtenant thereto, is a transfer of an interest in land constituting a freehold estate
 
 (see, McGregor v Brown, supra,
 
 10 NY, at 117).
 

 Notwithstanding New York’s adoption of the Uniform Commercial Code, and more specifically the 1977 version of UCC 2-107, which permits but does not require that a contract for the sale of standing trees and timber constitute a contract for the sale of goods
 
 (see,
 
 UCC 1-102 [3], [4]; 2-107 [3]), here the relevant conveyances evidence an unmistakable intent to reserve and/or convey a freehold estate in the standing and growing timber and trees, coupled with associated, perpetual easement rights. Moreover, as both courts below properly concluded, and as plaintiffs concede, plaintiffs purchased their property with record notice of defendants’ rights to the timber growing thereon.
 
 [4]
 

 
 *72
 
 Accordingly, the order of the Appellate Division should be affirmed, with costs.
 

 Chief Judge Kaye and Judges Bellacosa, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed, with costs.
 

 [1]
 

 . The action relied primarily on RPAPL 861, which provides for an action, and allows for the recovery of treble damages, for the unauthorized cutting or carrying off of trees of timber.
 

 [2]
 

 . UCC 2-309 (1) provides that when both the UCC and the parties to the contract fail to establish the “time for shipment or delivery or any other action under a contract,” the time “shall be a reasonable time.” Similarly, UCC 2-309 (2) provides that where “the contract provides for successive performances but is indefinite in duration it is valid for a reasonable time.”
 

 [3]
 

 . In the 1977 amendments to UCC 2-107, the Legislature specifically added the language “or. of timber to be cut” to subdivision (2) and deleted a reference to timber from subdivision (1) (see, L 1977, ch 866, § 4).
 

 [4]
 

 . The Appellate Division rejected as unpreserved plaintiffs’ alternative contention, raised for the first time on appeal, that Zepa’s estate violated the Rule Against Perpetuities (EPTL 9-1.1 [b]), noting, nevertheless, that such contention was meritless. We, too, reject as unpreserved this alternative contention.