■ SHARON A. VICKERY, Respondent, v ESTATE OF LEAH BROCKMAN, Deceased, et al., Appellants. [718 NYS2d 774] —Order unanimously affirmed without costs. Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she slipped and fell on snow or ice. Supreme Court properly denied the motion and cross motion of defendants seeking summary judgment dismissing the complaint. Defendants Estate of Leah Brockman and executors of the Estate (Estate) failed to meet their initial burden of establishing that they owed no duty to plaintiff to maintain the

property in a reasonably safe condition (*see generally, Di Ponzio v Riordan,* 89 NY2d 578, 582-583; *Basso v Miller,* 40 NY2d 233, 241). The contention of defendant Gerald Brockman, individually, that he did not owe any duty to plaintiff, either by contract or by voluntarily snowplowing and shoveling, is improperly raised for the first time on appeal (*see, Fisher v Society of N. Y. Hosp.,* 271 AD2d 262, 263; *ICS/Executone Telecom v Performance Parts Warehouse,* 171 AD2d 1066).

The Estate and defendants Elmer White and Jackie White, individually, contend that this action is barred by the "storm in progress" doctrine. It is well settled that "[a] landowner is not responsible for a failure to remove snow and ice until a reasonable time has elapsed after cessation of the storm" (*Cerra v Perk Dev.,* 197 AD2d 851; *see, Siegel v Molino,* 236 AD2d 879). Those defendants, however, failed to establish that there was a storm in progress on the day of plaintiff's accident (*cf., Croff v Grand Union Co.,* 205 AD2d 856). Finally, those defendants failed to submit evidence supporting their contention that there was no hazardous condition and thus that they cannot be held liable for the alleged failure to correct it (*see, Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681). Indeed, they submitted the deposition testimony of plaintiff that there was accumulated ice on the ground, and that she had difficulty walking on it because it was slippery. (Appeals from Order of Supreme Court, Wayne County, Parenti, J.—Summary Judgment.) Present—Pine, J. P., Hayes, Wisner and Lawton, JJ.