■ HAYNER HOYT CORPORATION, Appellant, v UTICA FIRST INSURANCE COMPANY, Respondent. [760 NYS2d 706] —Appeal from a judgment (denominated order) of Supreme Court, Onondaga County (McCarthy, J.), entered December 14, 2001, which, inter alia, granted defendant's cross motion for summary judgment.

It is hereby ordered that the judgment so appealed from be and the same hereby is modified on the law by granting judgment in favor of defendant as follows:

It is adjudged and declared that plaintiff is not entitled to a defense or indemnification from defendant with respect to the underlying actions and as modified the judgment is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking judgment declaring, inter alia, that defendant must defend and indemnify plaintiff in two underlying personal injury actions. Plaintiff entered into a construction contract with subcontractor M.S. Olender & Sons (Olender) to complete the "rough framing scope" on a project. Pursuant to that subcontract, Olender was required to name plaintiff as an additional insured under a subcontractor's comprehensive general liability and property

damage policy. Plaintiff was named as an additional insured in the certificate of liability insurance issued by defendant to Olender. The plaintiffs in the underlying personal injury actions are two employees of Olender who were injured while working on the project. When plaintiff demanded that defendant defend and indemnify it in those two underlying actions, defendant disclaimed coverage based on policy exclusions. Plaintiff moved for summary judgment seeking, inter alia, an order striking the affirmative defenses in the answer and a declaration that defendant must defend and indemnify plaintiff in the underlying actions. Defendant cross-moved for summary judgment dismissing the complaint and a declaration that plaintiff is not entitled to a defense or indemnification from defendant. Supreme Court denied the motion and granted the cross motion.

We do not consider plaintiff's contention, raised for the first time on appeal, that defendant is estopped from denying coverage with respect to one of the underlying actions because its disclaimer was untimely and that there is an issue of fact whether its disclaimer was untimely with respect to the other underlying action (*see Matter of USAA Cas. Ins. Co. [Kaufman], 261 AD2d 275 [1999], lv denied 94 NY2d 758 [2000]; see also Fischer v Zepa Consulting, 263 AD2d 946, 947 [1999], affd 95 NY2d 66 [2000]; Deputy Sheriff's Benevolent Assn. of Onondaga County v County of Onondaga, 288 AD2d 953, 954 [2001]).* "It is well settled that '[a]n appellate court should not, and will not, consider different theories or new questions, if proof might have been offered to refute or overcome them had those theories or questions been presented in the court of first instance'" (*Ciesinski v Town of Aurora, 202 AD2d 984, 985 [1994]*).

We reject plaintiff's further contention that the policy exclusion relied upon by the court in granting the cross motion does not apply with respect to the two underlying actions. Pursuant to that exclusion, there is no coverage for "bodily injury to an employee of an insured if it occurs in the course of employment." Plaintiff contends that the exclusion does not apply to it. We disagree. The term "an insured" is unambiguous and, when used in the policy, encompasses both Olender and plaintiff (*see Moleon v Kreisler Borg Florman Gen. Constr. Co., 304 AD2d 337, 340 [2003]; Consolidated Edison Co. of N.Y. v United Coastal Ins. Co., 216 AD2d 137 [1995], lv denied 87 NY2d 808 [1996]; Tardy v Morgan Guar. Trust Co. of N.Y., 213 AD2d 296 [1995]*). The exclusion thus applies to plaintiff as an additional insured because the plaintiffs in the underlying actions were employees "of an insured," i.e., Olender (*cf. Greaves v Public Serv. Mut. Ins. Co., 5 NY2d 120, 125 [1959]*).

Inasmuch as the court failed to declare the rights of the parties in this declaratory judgment action (*see Pless v Town of Royalton,* 185 AD2d 659, 660 [1992], *affd* 81 NY2d 1047 [1993]; *Maurizzio v Lumbermens Mut. Cas. Co.,* 73 NY2d 951, 954 [1989]; *Boyd v Allstate Life Ins. Co. of N.Y.,* 267 AD2d 1038, 1039 [1999]), we modify the judgment by granting judgment in favor of defendant declaring that plaintiff is not entitled to a defense or indemnification from defendant with respect to the underlying actions.

All concur except Pigott, Jr., P.J., and Pine, J., who dissent and vote to reverse in accordance with the following memorandum.

Piggott, Jr., P.J., and Pine, J. (dissenting). We respectfully dissent. In our view, plaintiff is entitled to coverage under the policy of insurance issued by defendant. When plaintiff, the general contractor on the project, contracted with subcontractor M.S. Olender & Sons (Olender) to perform framing work on the project, it insisted that it be named as an additional insured on Olender's insurance policy in order to be covered under that policy in the event of an accident such as occurred here. When two of Olender's employees fell from a height, were injured and brought actions against plaintiff pursuant to Labor Law § 240 (1), plaintiff accordingly turned the claims over to defendant. This is so common a practice that it is governed by its own rule, i.e., the antisubrogation rule (*see generally North Star Reins. Corp. v Continental Ins. Co.,* 82 NY2d 281, 294-295 [1993]). Pursuant to the antisubrogation rule, an insurer "has no right of subrogation against its own insured for a claim arising from the very risk for which the insured was covered" (*id.* at 294). Thus, defendant must undertake, under the policy, to defend each insured under its policy unless coverage is excluded under the terms of the policy. The policy exclusion at issue here states:

"8. We do not pay for:

"a. bodily injury to *an employee of an insured* if it occurs in the course of employment * * *.

"Exclusion 8. applies where the insured is liable either as an employer or in any other capacity; or there is an obligation to fully or partially reimburse a third person for damages arising out of paragraph

8.a. * * * above * * *" (italics added).

Defendant maintains, and the majority agrees, that the above exclusion, which expressly applies to bodily injury to an employee of *an* insured, in actuality applies to bodily injury to an employee of *any* insured. We cannot agree. Defendant has

separate and distinct obligations to Olender as the primary insured and to plaintiff as the additional insured under the separability of insureds doctrine (*see Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120, 124-125 [1959]; *Morgan v Greater N.Y. Taxpayers Mut. Ins. Assn.*, 305 NY 243, 247-248 [1953]). "[A]n additional although unnamed insured * * * [is] to be treated as if [it has] a separate policy" in determining the applicability of an exclusion (*Greaves*, 5 NY2d at 125). Thus, the obligations of defendant to plaintiff, as the additional insured, must be considered separately from its obligations to Olender, as the named insured (*see BMW Fin. Servs. v Hassan*, 273 AD2d 428, 429 [2000], *lv denied* 95 NY2d 767 [2000]). Here, the policy excludes coverage for bodily injuries sustained by "an employee of an insured." Applying the aforementioned principles and reading that exclusion as if the policy had been issued separately to plaintiff, we conclude that the injuries were not sustained by "an employee of an insured" for the simple reason that, here, the injured persons were not in fact employees of plaintiff. That interpretation properly construes the language of the policy and is consistent with the fact that plaintiff insisted that it be named as an additional insured on Olender's insurance policy as well as the fact that Olender agreed to do so. Were that not the case, plaintiff would not be barred by the antisubrogation rule from seeking recovery from Olender and, indeed, could commence a third-party action against Olender for contribution and/or indemnification—the precise scenario that the parties sought to avoid by having plaintiff named as an additional insured.

In our view, the majority's reliance on *Consolidated Edison Co. of N.Y. v United Coastal Ins. Co.* (216 AD2d 137 [1995], *lv denied* 87 NY2d 808 [1996]) and *Tardy v Morgan Guar. Trust Co. of N.Y.* (213 AD2d 296 [1995]) is misplaced. Those cases both involved a policy exclusion for "bodily injury to *any* employee of *any named* insured" (*Consolidated Edison Co. of N.Y.*, 216 AD2d at 137 [emphasis added]; *Tardy*, 213 AD2d at 296 [emphasis added]). The phrases "any named insured," "any insured" and "an insured," as well as the phrase "the insured" (*see e.g. Ramirez v United States Fid. & Guar. Co.*, 133 AD2d 146, 148 [1987]) have distinct meanings, particularly when viewed in light of the severability of insureds doctrine. The majority also relies on the decision of the First Department in *Moleon v Kreisler Borg Florman Gen. Constr. Co.* (304 AD2d 337 [2003]), a case that appears to construe the above phrases as synonyms. We would decline to follow it.

In any event, we further note that the policy exclusion refers

to "bodily injury to an employee of *an insured* if it occurs in the course of employment" yet then recites that "[e]xclusion 8. applies where *the insured* is liable either as an employer or in any other capacity" (italics added). Given our view that those phrases have precise meanings, the conflicting use of the terms "an insured" and "the insured" within the same exclusion leads us to conclude that the language is ambiguous as a matter of law. Thus, the language must be construed against defendant, as the drafter of the policy, and plaintiff therefore is entitled to coverage on that basis as well (*see Westview Assoc. v Guaranty Natl. Ins. Co.*, 95 NY2d 334, 339 [2000]). Thus, we would reverse the order, grant plaintiff's motion, grant judgment in favor of plaintiff declaring that defendant must defend and indemnify it in the underlying actions and deny defendant's cross motion. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Lawton and Hayes, JJ.