■ ROBERT J. VENO, as Father and Natural Guardian of JOSEPH VENO, an Infant, Respondent, v WALEED A. SALEH, M.D., Defendant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [760 NYS2d 913] —Appeal from an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered October 5, 2001, which reduced the lien of the Cattaraugus County Department of Social Services on the proceeds of a medical malpractice settlement between plaintiff and defendant.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the original lien is reinstated.

Memorandum: The Cattaraugus County Department of Social Services (DSS) appeals from an order reducing its medical assistance lien on the proceeds of a medical malpractice settlement between plaintiff and defendant doctor. Plaintiff commenced a medical malpractice action against defendant on

behalf of his infant son. During trial, the parties agreed to settle the action for $465,000. DSS held a lien for $116,000 in Medicaid benefits that had been paid on behalf of the infant, which it refused to compromise. Plaintiff moved for a hearing before Supreme Court to allocate the settlement amount, and the court reduced the lien to $11,600.

We agree with DSS that the court exceeded its authority in reducing the lien. The Court of Appeals has held that all settlement proceeds are available to satisfy a Medicaid lien (*see Gold v United Health Servs. Hosps.*, 95 NY2d 683, 690-692 [2001]; *Calvanese v Calvanese*, 93 NY2d 111, 116-119 [1999]). "Once a Medicaid lien is in effect, only the local public welfare official may release and discharge it, and 'no release, payment, discharge or satisfaction of any * * * claim, demand, right of action, suit or counterclaim shall be valid or effective against such lien' (Social Services Law § 104-b [7])" (*id.* at 119).

Consequently, we reverse the order and reinstate the original lien. Present—Pigott, Jr., P.J., Wisner, Scudder, Burns and Lawton, JJ.