■■■ DEBORAH A. JAMES, Individually and as Parent and Natural Guardian of BELINDA K. JAMES, an Infant, Respondent, v CITY OF OLEAN, Defendant. CATTARAUGUS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant. [765 NYS2d 88] —Appeal from an order of Supreme Court, Cattaraugus County (NeMoyer, J.), entered November 28, 2001, which reduced the medical assistance lien of the Cattaraugus County Department of Social Services.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs and the original lien is reinstated.

Memorandum: The Cattaraugus County Department of Social Services (DSS) appeals from an order reducing its medical assistance lien on the proceeds of a $50,000 personal injury settlement between plaintiff and defendant. We agree with DSS that Supreme Court exceeded its authority in reducing the lien held by DSS from $28,527 to $8,558.10 (*see Veno v Saleh,* 306 AD2d 876 [2003]). Plaintiff contends that the court had the authority to reduce the amount of the lien because the injuries to plaintiff's daughter were severe and her future medical expenses may exceed the net settlement amount. We reject that contention. Only the public welfare official has the authority "both to fix the amount of the lien and to release and discharge it" (*Calvanese v Calvanese,* 93 NY2d 111, 121 [1999]; *see* Social Services Law § 104-b [1], [7]). Contrary to plaintiff's further contention, the relevant provisions of the Social Services Law make no distinction between those persons who apply for Medicaid benefits separately and those, such as plaintiff's daughter, who receive Medicaid benefits as a result of their receipt of Supplemental Security Income benefits. Plaintiff's remaining contention is raised for the first time on appeal and thus is not properly before us (*see Hayner Hoyt Corp. v Utica First Ins. Co.,* 306 AD2d 806 [2003]). Present— Pigott, Jr., P.J., Green, Scudder, Gorski and Hayes, JJ.