■ ARTHUR RAPINI et al., Respondents, v NEW PLAN EXCEL REALTY TRUST, INC., Appellant. [782 NYS2d 324]—

Appeal from an order of the Supreme Court, Ontario County (Craig J. Doran, A.J.), entered August 4, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Contrary to the contention of defendant, Supreme Court properly denied its motion seeking summary judgment dismissing the complaint. Plaintiffs commenced this action seeking damages for injuries allegedly sustained by Arthur Rapini (plaintiff) when he slipped and fell in a puddle of water in a common area of a mall owned by defendant. In support of its motion, defendant contended only that it was not responsible for maintaining the area where plaintiff fell. Defendant has abandoned that contention on appeal (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]), however, and contends only that it was entitled to summary judgment because plaintiffs failed to raise an issue of fact whether defendant had created the dangerous condition or had actual or constructive notice of it, and because landlords have a reasonable period of time in which to take corrective action during a storm in progress. Thus, neither contention advanced by defendant on appeal is preserved for our review (*see Fischer v Zepa Consulting*, 263 AD2d 946, 947 [1999], *affd* 95 NY2d 66 [2000]; *Fitzpatrick & Weller v Miller*, 309 AD2d 1273, 1274 [2003]; *Bowen v Dunn*, 306 AD2d 929, 930 [2003]).

In any event, we conclude that neither contention advanced on appeal has merit. In seeking summary judgment dismissing the complaint, defendant had the initial burden to establish that it neither created the dangerous condition nor had actual or constructive notice of it. Because defendant failed to do so, the burden never shifted to plaintiffs to raise an issue of fact with respect thereto (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Additionally, defendant "failed to establish that there was a storm in progress on the day of plaintiff's accident" (*Vickery v Estate of Brockman*, 278 AD2d 913, 914 [2000]) and therefore "failed to meet [its] initial burden of establishing that plaintiff's injuries were caused by a storm in progress" (*Stalker v Crestview Cadillac Corp.*, 284 AD2d 977, 978 [2001]; *see Frazier v Pioneer Cent. School Dist.*, 298 AD2d 875 [2002]). Present—Pigott, Jr., P.J., Pine, Scudder, Gorski and Lawton, JJ.