Henry v Buffalo Mgt. Group, Inc. (2023 NY Slip Op 04020)

Henry v Buffalo Mgt. Group, Inc.

2023 NY Slip Op 04020

Decided on July 28, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, AND GREENWOOD, JJ.

399 CA 22-01660

[*1]BRIAN D. HENRY AND JILLIAN TOMER, PLAINTIFFS-RESPONDENTS,
v
BUFFALO MANAGEMENT GROUP, INC., DEFENDANT-APPELLANT. 

GANNON, ROSENFARB & DROSSMAN, NEW YORK CITY (LISA L. GOKHULSINGH OF COUNSEL), FOR DEFENDANT-APPELLANT.
MARSH ZILLER LLP, BUFFALO (LINDA J. MARSH OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered October 6, 2022. The order denied defendant's motion for summary judgment dismissing plaintiffs' complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this premises liability action arising from an incident wherein Brian D. Henry (plaintiff) fell from the second story of an apartment building owned by defendant. The incident occurred when plaintiff, while attempting to clean the exterior of a window, straddled the windowsill and held the bottom sash of the window with his right hand while using his left hand to clean the upper sash. The bottom sash detached and fell inward, causing plaintiff to lose his balance and fall. Defendant moved for summary judgment dismissing the complaint on the grounds that there was no dangerous or defective condition and that plaintiff's own actions were the proximate cause of the accident. Supreme Court denied the motion, and defendant appeals. We affirm.
"[W]hether a dangerous or defective condition exists on the property of another so as to create liability depends on the peculiar facts and circumstances of each case and is generally a question of fact for the jury" (Trincere v County of Suffolk, 90 NY2d 976, 977 [1997] [internal quotation marks omitted]; see Morris v Buffalo Gen. Health Sys., 203 AD3d 1692, 1693 [4th Dept 2022]; Jackson v Rumpf, 177 AD3d 1354, 1355 [4th Dept 2019]). Even assuming, arguendo, that defendant met its initial burden on its motion of establishing that there was no dangerous or defective condition, we conclude that plaintiffs raised a triable issue of fact in opposition with respect to that issue (see generally Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; Breau v Burdick, 166 AD3d 1545, 1548 [4th Dept 2018]; Smith v Szpilewski, 139 AD3d 1342, 1342 [4th Dept 2016]).
Defendant failed to meet its initial burden on its motion with respect to the issue of proximate cause. "Questions concerning foreseeability and proximate cause are generally questions for the jury" (Paul v Cooper, 45 AD3d 1485, 1487 [4th Dept 2007] [internal quotation marks omitted]) and, here, defendant's own submissions, including plaintiff's deposition testimony indicating that an alleged defect in the bottom sash of the window caused his fall, raised issues of fact regarding proximate cause (see generally Muraco v Fasbach, 14 AD2d 898, 898 [2d Dept 1961], affd 11 NY2d 858 [1962]). Denial of the motion with respect to that issue was therefore required "regardless of the sufficiency of the opposing papers" (Paul, 45 AD3d at 1486 [internal quotation marks omitted]; see generally Alvarez, 68 NY2d at 324; Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]).
Finally, to the extent that defendant contends that it is entitled to summary judgment because it neither created nor had actual or constructive notice of the allegedly dangerous condition, that contention is raised for the first time on appeal and is thus not preserved for our review (see O'Hara v City of Buffalo, 211 AD3d 1509, 1511 [4th Dept 2022]; Rapini v New Plan Excel Realty Trust, Inc., 11 AD3d 890, 890 [4th Dept 2004]; see also Docteur v Belleville Henderson Cent. School Dist. [appeal No. 2], 307 AD2d 751, 751-752 [4th Dept 2003]).
Entered: July 28, 2023
Ann Dillon Flynn
Clerk of the Court