■ CHARLES TARDY, Plaintiff, v MORGAN GUARANTY TRUST CO. OF NEW YORK, Defendant and Third-Party Plaintiff-Appellant, et al., Defendant. UNITED COASTAL INSURANCE COMPANY, Third-Party Defendant-Respondent, et al., Third-Party Defendants. [624 NYS2d 34] —Order, Supreme Court, New York County (Stuart Cohen, J.), entered on or about January 21, 1994, which, insofar as appealed from as limited by third-party plaintiff-appellant's brief, denied appellant's motion for summary judgment on its cause of action seeking a declaration that third-party defendant-respondent must defend and indemnify it in the main action, unanimously affirmed, without costs.

We agree with the IAS Court that the policy in question, which excludes coverage for "bodily injury to any employee of any named insured," unambiguously applies to bar coverage to an additional insured, such as appellants, against a claim by the primary insured's employee. As the provisions are clear and unambiguous, we must give them their plain and ordinary meaning, and refrain from rewriting the agreement (see, United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229). Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.

■ JAN REYNOLDS, Appellant, v DIVISION OF HOUSING AND COMMUNITY RENEWAL OF NEW YORK STATE, OFFICE OF RENT ADMINISTRATION, Defendant, and 498 WEST END AVENUE REALTY Co., Respondent. [624 NYS2d 829] —Order, Supreme Court, New York County (Stephen Crane, J.), entered July 13, 1994, which inter alia, denied plaintiff's motion to renew an order, same court and Justice, dated November 30, 1993, which, inter alia, denied her motion for summary judgment, unanimously affirmed, without costs.

The IAS Court, by prior order, had ruled that the Division of Housing and Community Renewal would have primary jurisdiction over the rent overcharge claim and the related question of the existence of an illusory tenancy during the initial vacancy decontrol period. Those administrative proceedings had not yet concluded at the time of the subject motions and thus, under the circumstances herein, denial of summary judgment was proper. Concur—Rosenberger, J. P., Wallach, Kupferman, Asch and Tom, JJ.