■ CONSOLIDATED EDISON COMPANY OF NEW YORK, INC., Appellant, v UNITED COASTAL INSURANCE COMPANY, Respondent, and METRO-ABATEMENT, INC., Appellant. [628 NYS2d 637] —Order, Supreme Court, New York County (Joan Lobis, J.), entered October 5, 1994, which granted the motion of defendant-respondent for summary judgment dismissing the complaint and denied plaintiff's cross-motion for summary judgment, unanimously affirmed, without costs.

Giving the unambiguous provisions of the insurance policy their plain and ordinary meaning, and refraining from rewriting the contract *(see, United States Fid. & Guar. Co. v Annunziata,* 67 NY2d 229, 232), as we must, the IAS Court properly found that the policy exclusion for "bodily injury to any employee of any named insured" barred coverage to plaintiff as an additional insured *(Tardy v Morgan Guar. Trust Co.,* 213 AD2d 296). Nor did the second paragraph of the exclusion, which provided that the exclusion was inapplicable where the bodily injury "resulted solely from the negligence of the named insured" apply, since plaintiff was not a "named" but an "additional" insured. " 'The court should not find the language ambiguous on the basis of the interpretation urged by one party, where that interpretation would "strain the contract language beyond its reasonable and ordinary meaning" ' " *(Broadway Natl. Bank v Progressive Cas. Ins. Co.,* 775 F Supp 123, 126, *affd* 963 F2d 1522). Concur—Sullivan, J. P., Rosenberger, Ellerin, Rubin and Mazzarelli, JJ.