WALTER GUACHICHULCA, Plaintiff, v LASZLO N. TAUBER & ASSOCIATES, LLC, et al., Defendants, VENEZIA INTERIORS CORP., Defendant and Third-Party Plaintiff-Respondent, et al., Defendant and Third-Party Plaintiff. IDEAL KITCHEN VENTILATION, INC., et al., Third-Party Defendants-Respondents; FIRST MERCURY INSURANCE COMPANY, Third-Party Defendant-Appellant, et al., Third-Party Defendants. [831 NYS2d 234]—

In an action to recover damages for personal injuries, the second third-party defendant First Mercury Insurance Company appeals from an order of the Supreme Court, Kings County (Lewis, J.), dated February 3, 2006, which denied its motion for summary judgment dismissing all claims insofar as asserted against it.

Ordered that the order is reversed, on the law, with one bill of costs, and the motion of the second third-party defendant First Mercury Insurance Company for summary judgment dismissing all claims insofar as asserted against it is granted.

The second third-party defendant First Mercury Insurance Company (hereinafter First Mercury) issued a general liability insurance policy to Ideal Kitchen Ventilation, Inc. (hereinafter Ideal), which contained an exclusion for bodily injury to an employee of an insured if the injury occurs in the course of employment. An Ideal employee was injured in the course of his employment and sued, among others, the general contractor for the project during which the accident occurred, Venezia Interiors Corporation (hereinafter Venezia). Venezia brought a second third-party action against, among others, First Mercury, seeking a declaration that First Mercury must defend and indemnify it as a potential additional insured under the policy, and Ideal asserted a cross claim against First Mercury. First Mercury moved for summary judgment dismissing all claims insofar as asserted against it. The Supreme Court determined that there was a triable issue of fact and denied First Mercury's motion.

An exclusion from coverage "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer (*see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]; *Ramirez v United States Fid. & Guar. Co.*, 133 AD2d 146, 148 [1987]). However, an unambiguous policy provision must be accorded its plain and ordinary meaning (*see Sanabria v American Home Assur. Co.*, 68 NY2d 866, 868 [1986]), and the court may not disregard the plain meaning of the policy's language in order to find an ambiguity where none exists (*see Acorn Ponds v Hartford Ins. Co.*, 105 AD2d 723, 724 [1984]).

The plain meaning of the exclusion was to relieve First Mercury of liability when an insured or additional insured was sued or indemnification was requested for damages arising out of bodily injury to an employee sustained in the course of employment. The insurance provision precluded coverage as to both Ideal and Venezia. Therefore, the Supreme Court erred in finding the existence of a triable issue of fact.

The parties' remaining contentions are without merit or have been rendered academic in light of our determination. Schmidt, J.P., Crane, Fisher and Dickerson, JJ., concur.