MAKAN EXPORTS, INC., Respondent, v U.S. UNDERWRITERS INSURANCE COMPANY, Appellant, MARK ARCIERO et al., Respondents, et al., Defendants. [841 NYS2d 662]—

In an action for a judgment declaring, inter alia, that the defendant U.S. Underwriters Insurance Company is obligated to defend and indemnify Makan Exports, Inc., in an underlying personal injury action entitled *Arciero v Makan Exports, Inc.*, pending in the Supreme Court, Orange County, under index No. 3069/02, the defendant U.S. Underwriters Insurance Company appeals, as limited by its brief, from (1) so much of an order of the Supreme Court, Orange County (Lubell, J.), dated March 29, 2006, as denied its motion for summary judgment declaring that it is not obligated to defend and/or indemnify Makan Exports, Inc., in the underlying personal injury action, and granted the plaintiff's separate motion for summary judgment declaring that it is so obligated, and (2) so much of an order of the same court dated August 10, 2006, as denied its motion

which was, in effect, for leave to reargue its motion for summary judgment and its opposition to the plaintiff's separate motion for summary judgment.

Ordered that the appeal from the order dated August 10, 2006 is dismissed, as no appeal lies from an order denying reargument (*see Companion Life Ins. Co. of N.Y. v All State Abstract Corp.*, 35 AD3d 519, 520 [2006]); and it is further,

Ordered that the order dated March 29, 2006 is reversed insofar as appealed from, on the law, the motion of the defendant U.S. Underwriters Insurance Company for summary judgment declaring that it is not obligated to defend and/or indemnify Makan Exports, Inc., in the underlying personal injury action is granted, and the plaintiff's separate motion for summary judgment declaring that it is so obligated is denied, and the matter is remitted to the Supreme Court, Orange County, for the entry of a judgment declaring that the defendant U.S. Underwriters Insurance Company is not obligated to defend and indemnify Makan Exports, Inc., in the underlying personal injury action entitled *Arciero v Makan Exports, Inc.*, pending in the Supreme Court, Orange County, under index No. 3069/02; and it is further,

Ordered that one bill of costs is awarded to the appellant payable by the plaintiff-respondent.

On January 18, 2001 Mark Arciero allegedly was injured while performing construction on a home being built by the plaintiff Makan Exports, Inc. (hereinafter Makan). Arciero was an employee of a subcontractor hired by Makan to perform framing work on the house. In 2002 Arciero and his wife, derivatively, commenced an action against Makan to recover damages for personal injuries. Makan informed its insurance company, the defendant U.S. Underwriters Insurance Company (hereinafter Underwriters), and sought coverage for the injuries allegedly sustained by Mark Arciero.

Underwriters disclaimed coverage on the basis, inter alia, that an exclusion to its policy with Makan (hereinafter the L-310 exclusion), provided that coverage was not available to employees of subcontractors for injuries sustained in the course of employment. Makan subsequently commenced the instant action, contending that another provision of the policy, an endorsement entitled "Supplemental Condition-Contractors'/Owners' Subcontracted Work" (hereinafter the L-257s endorsement), provided coverage to employees of subcontractors so long as Makan complied with the L-257s endorsement that it obtain a certificate of insurance from the subcontractor. It is undisputed that Makan complied with this condition. Alternatively, Makan

contended that the L-310 exclusion and the L-257s endorsement were in conflict, resulting in an ambiguity that should be construed against Underwriters, and, as a result, Underwriters was obligated to defend and indemnify Makan on that basis.

The Supreme Court agreed that the two policy provisions were in conflict, denied Underwriters' motion for summary judgment declaring that it was not obligated to defend and/or indemnify Makan in the underlying action, and granted Makan's separate motion for summary judgment that Underwriters was so obligated. The Supreme Court subsequently denied Underwriters' motion which was, in effect, for leave to reargue.

The L-310 exclusion clearly excluded coverage for bodily injury claims by employees of subcontractors sustained in the course of employment. Thus, Underwriters met its prima facie burden on its motion for summary judgment (*see Console v Wyckoff Hgts. Med. Ctr.,* 19 AD3d 637, 638 [2005]) of establishing that the exclusion was specific, clear, and unambiguous, and that it should apply in this case (*see Technicon Elecs. Corp. v American Home Assur. Co.,* 74 NY2d 66, 73-74 [1989]; *Belt Painting Corp. v TIG Ins. Co.,* 100 NY2d 377, 387 [2003]; *Guachichulca v Laszlo N. Tauber & Assoc., LLC,* 37 AD3d 760, 761-762 [2007]; *cf. Westview Assoc. v Guaranty Natl. Ins. Co.,* 95 NY2d 334, 340 [2000]; *Continental Cas. Co. v Rapid-American Corp.,* 80 NY2d 640, 653-655 [1993]).

The L-257s endorsement did not provide coverage to employees of subcontractors for claims of bodily injury sustained in the course of employment, and, contrary to the Supreme Court's conclusion, there was no conflict between the L-310 exclusion and the L-257s endorsement (*see U.S. Underwriters Ins. Co. v Affordable Hous. Found., Inc.,* 256 F Supp 2d 176, 181-183 [2003], *affd* 88 Fed Appx 441 [2004]). The L-310 exclusion modified the scope of coverage provided in section I of the policy. In contrast, the L-257s endorsement constituted a "supplemental condition" that Makan was required to meet before the coverage provided for in section I of the policy, as amended by the L-310 exclusion, would attach. The L-257s endorsement was an addition to the conditions set forth in Section IV of the policy. It did not in any way change, extend, or expand the coverage provided by section I of the policy (*see U.S. Underwriters Ins. Co. v Affordable Hous. Found., Inc.,* 256 F Supp 2d, *supra* at 182-183). The L-310 exclusion applies to the underlying personal injury action, and the L-257s endorsement does not provide coverage to an employee of a subcontractor for injuries sustained during the course of employment. Thus, the Supreme Court should have granted Underwriters' motion and denied Makan's motion.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Orange County, for the entry of a judgment declaring that Underwriters is not obligated to defend and indemnify Makan in the underlying personal injury action (*see Lanza v Wagner,* 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Miller, J.P., Crane, Ritter and Lifson, JJ., concur.