■ STEPHEN WILSON et al., Respondents, v SIRIUS AMERICA INSURANCE COMPANY, Appellant. [844 NYS2d 349]—

In an action pursuant to Insurance Law § 3420 (a) (2) to recover an unsatisfied judgment against the defendant's insured, the defendant appeals from an order of the Supreme Court, Orange County (Lubell, J.), entered July 5, 2006, which granted the plaintiffs' motion for summary judgment and denied its cross motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for summary judgment is denied, and the defendant's cross motion for summary judgment dismissing the complaint is granted.

The plaintiff Stephen Wilson was injured at a construction site where he was employed as a foreman for a plumbing subcontractor. He and his wife commenced an action (hereinafter the underlying action) against the general contractor, K.J. Gold, LLC (hereinafter KJ), asserting, inter alia, causes of action predicated on violations of Labor Law §§ 200 and 241 (6). KJ's insurer, the defendant Sirius America Insurance Company, disclaimed coverage based on an exclusion contained in endorsement form SAIC 022 to the Commercial General Liability policy issued to KJ (hereinafter SAIC 022). In relevant part, the

endorsement excluded coverage for "bodily injury" arising out of work performed on behalf of KJ by a subcontractor "when there is no prior written and signed contract entered into between [KJ] and the . . . subcontractor . . . requiring the . . . subcontractor . . . to indemnify and hold harmless [KJ] in the event of a loss, including any loss suffered by an employee of the . . . subcontractor." The defendant maintains, and the plaintiffs do not dispute, that there was no written agreement between KJ and the injured plaintiff's employer.

KJ ultimately defaulted in the underlying action and, after an inquest, judgment was entered in the plaintiffs' favor. Thereafter, the plaintiffs commenced this action to recover on the judgment. The Supreme Court granted the plaintiffs' motion for summary judgment on the ground that SAIC 022 violated General Obligations Law § 5-322.1 and, therefore, was void as against public policy, and denied the defendant's cross motion for summary judgment dismissing the complaint. We reverse.

Contrary to the plaintiffs' contention, SAIC 022 does not violate General Obligations Law § 5-322.1 (1), which, by its own terms, "shall not affect the validity of any insurance contract, workers' compensation agreement or other agreement issued by an admitted insurer." Had the insured in this case actually obtained from the third-party subcontractor the broadly-worded indemnification agreement contemplated by SAIC 022, we recognize that the indemnification agreement itself, under certain circumstances, would have been void under General Obligations Law § 5-322.1 (*see Itri Brick & Concrete Corp. v Aetna Cas. & Sur. Co.,* 89 NY2d 786 [1997]; *Brown v Two Exch. Plaza Partners,* 76 NY2d 172 [1990]; *Alesius v Good Samaritan Hosp. Med. & Dialysis Ctr.,* 23 AD3d 508 [2005]). Significantly, however, the invalidity of the underlying indemnity agreement would not have relieved the carrier of its obligation to provide coverage to its insured under the terms of the policy. Rather, it would only have affected the carrier's ability, as subrogee of its insured, subsequently to seek enforcement of the indemnification provision against the third-party subcontractor.

In this case, however, KJ never entered into a written indemnification agreement with the injured plaintiff's employer, as required under the contract of insurance as a condition of coverage. Under these circumstances, the defendant was entitled to summary judgment dismissing the complaint. Schmidt, J.P., Goldstein, Skelos and Fisher, JJ., concur.