■ HOWARD & NORMAN BAKER, LTD., Appellant-Respondent, v AMERICAN SAFETY CASUALTY INSURANCE COMPANY, Respondent-Appellant. [904 NYS2d 770]—

In an action, inter alia, for a judgment declaring that the defendant is obligated to defend and indemnify the plaintiff in an underlying action entitled *Ruiz v Howard and Norman Baker II, LLC*, commenced in the Supreme Court, Queens County, under index No. 14240/07, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Queens County (McDonald, J.), entered May 14, 2009, as denied its cross motion for summary judgment declaring that the defendant is obligated to defend and indemnify it in the underlying action, and the defendant cross-appeals, as limited by its brief, from so much of the same order as, in effect, denied its application to search the record and award it summary judgment declaring that it was not so obligated.

Ordered that the notice of cross appeal is deemed to be an application for leave to cross-appeal, and leave to cross-appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that the order is reversed insofar as cross-appealed from, on the law, the defendant's application to search the record and for an award of summary judgment in its favor declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action is granted, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not so obligated; and it is further,

Ordered that one bill of costs is awarded to the defendant.

The defendant American Safety Casualty Insurance Company

(hereinafter American) issued a general liability insurance policy (hereinafter the policy) to Point Recycling, Ltd. (hereinafter Point), which was a tenant in a building owned by the plaintiff, Howard & Norman Baker, Ltd. (hereinafter HNB). As required by the lease between HNB and Point, HNB was named as an additional insured under the policy. Roberto Ruiz, an employee of Point, commenced an action to recover damages for personal injuries he allegedly sustained in the subject building (hereinafter the underlying action), and the defense of HNB in that action was tendered to American. American denied coverage, inter alia, on the ground that the policy contained an exclusion for "bodily injury to . . . [a]n employee of any insured arising from and in the course of . . . [e]mployment by any insured."

HNB then commenced this action, inter alia, for a judgment declaring that American is obligated to defend and indemnify it in the underlying action. After American moved, among other things, to vacate the note of issue, HNB cross-moved for summary judgment declaring that American is obligated to defend and indemnify it in the underlying action. In its opposition papers, American requested that the Supreme Court search the record and award it summary judgment declaring that it is not so obligated. The Supreme Court denied HNB's cross motion for summary judgment and, in effect, denied American's application to search the record and award summary judgment in its favor.

An insurer's duty to defend is not triggered when the only possible interpretation of the allegations against the insured is that the factual predicate for the claim falls wholly within a policy exclusion (see *Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d 655, 656 [2008]; *Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]). "An exclusion from coverage 'must be specific and clear in order to be enforced' (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 761 [2007]; *see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY2d 390, 398 [1983]; *Ruge v Utica First Ins. Co.*, 32 AD3d 424, 426 [2006]). However, the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists (see *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]; *Garson Mgt. Co. v Travelers Indem. Co. of Ill.*, 300 AD2d 538, 539 [2002]).

Here, the plain meaning of the exclusion invoked by American was that the policy did not provide coverage for damages

arising out of bodily injury sustained by an employee of any insured in the course of his or her employment (*see Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d at 471; *see also Hayner Hoyt Corp. v Utica First Ins. Co.*, 306 AD2d 806, 807 [2003]; *Consolidated Edison Co. of N.Y. v United Coastal Ins. Co.*, 216 AD2d 137 [1995]; *Tardy v Morgan Guar. Trust Co. of N.Y.*, 213 AD2d 296 [1995]). Despite the policy provision stating that "this insurance applies if each Named Insured were the only Named Insured," the exclusion's reference to "any insured" makes it unmistakably clear that the exclusion is not limited to injuries sustained by HNB's employees (*cf. Greaves v Public Serv. Mut. Ins. Co.*, 5 NY2d 120 [1959]). Accordingly, since Ruiz was an employee of one of the insureds, his injury is not covered under the policy. The Supreme Court, therefore, should have granted American's application to search the record and award it summary judgment declaring that it is not obligated to defend and indemnify HNB in the underlying action.

The parties' remaining contentions have been rendered academic in light of our determination.

Since this is an action for a declaratory judgment, we remit the matter to the Supreme Court, Queens County, for the entry of a judgment declaring that American is not obligated to defend and indemnify HNB in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334, *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]; *Ponok Realty Corp. v United Natl. Specialty Ins. Co.*, 69 AD3d 596 [2010]). Prudenti, P.J., Rivera, Santucci and Miller, JJ., concur.