■ RICHNER DEVELOPMENT, LLC, Plaintiff, v BURLINGTON INSURANCE COMPANY, Defendant. (Action No. 1.) FOUR SEASONS ROOFING, INC., Plaintiff, v BURLINGTON INSURANCE COMPANY, Defendant. (Action No. 2.) 2 ENDO BOULEVARD, LLC, Appellant, v BURLINGTON INSURANCE COMPANY, Respondent. (Action 3.) [916 NYS2d 211]—

In three related actions, inter alia, for a judgment declaring that the defendant in action No. 3 is obligated to defend and indemnify the plaintiff in action No. 3 in an underlying action entitled *Giampetruzzi v 2 Endo Boulevard, LLC*, pending in the Supreme Court, Nassau County, under index No. 10115/06, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diamond, J.), entered November 3, 2009, which denied its motion for summary judgment and granted the defendant's cross motion for summary judgment in that action.

Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the defendant in action No. 3 is not obligated to defend and indemnify the plaintiff in action No. 3 in the underlying action entitled *Giampetruzzi v 2 Endo Boulevard, LLC*, pending in the Supreme Court, Nassau County, under index No. 10115/06.

"An insurer may . . . disclaim coverage on the basis of a policy exclusion by demonstrating that the allegations of the [underlying] complaint cast that pleading solely and entirely within the exclusion" (*Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]; *see Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]).

"An exclusion from coverage 'must be specific and clear in order to be enforced' (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 761 [2007]; *see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co.*, 60 NY3d 390, 398 [1983]; *Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d 533, 534 [2010]). "However, the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (*Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d at 534; *see Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d at 761; *Bassuk Bros. v Utica First Ins. Co.*, 1 AD3d 470, 471 [2003]).

Here, the plain meaning of the cross-liability exclusion at issue was that the subject policy "did not provide coverage for damages arising out of bodily injury sustained by an employee of any insured in the course of his or her employment" (*Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d at 534-535; *see Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d at 762; *Bassuk Bros., Inc. v Utica First Ins. Co.*, 1 AD3d at 471). Despite the "Separation Of Insureds" policy provision stating that "this insurance applies . . . [a]s if each

Named Insured were the only Named Insured[,]" the reference in the cross-liability exclusion to "[a]ny insured" "makes it unmistakably clear that the exclusion is not limited to injuries sustained by [the plaintiff's own] employees" (*Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d at 535).

The respondent made a prima facie showing of its entitlement to judgment as a matter of law by establishing "that there was no factual or legal basis upon which it might eventually be obligated to indemnify its insureds . . . and that the only interpretation of the allegations in the [underlying] complaint [was] that they fell wholly within [the cross-liability exclusion]" (*Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d 655, 656 [2008]; *see Catucci v Greenwich Ins. Co.*, 37 AD3d 513, 515 [2007]). In opposition, the appellant failed to raise a triable issue of fact (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d at 656; *Catucci v Greenwich Ins. Co.*, 37 AD3d at 515). Accordingly, the respondent's cross motion for summary judgment was properly granted.

The appellant's remaining contention is not properly before this Court.

We note that since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Nassau County, for the entry of a judgment declaring that the respondent is not obligated to defend and indemnify the appellant in the underlying action entitled *Giampetruzzi v 2 Endo Boulevard, LLC*, pending in the Supreme Court, Nassau County, under index No. 10115/06 (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Dillon, J.P., Balkin, Belen and Austin, JJ., concur. **[Prior Case History: 2009 NY Slip Op 32682(U).]**