■ Yangtze Realty, LLC, et al., Appellants, v Sirius America Insurance Company, Respondent. [934 NYS2d 480]—

An insurer's duty to defend " 'arises whenever the allegations in a complaint state a cause of action that gives rise to the reasonable possibility of recovery under the policy' " (*Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc.*, 16 NY3d 257, 264 [2011], quoting *Fitzpatrick v American Honda Motor Co.*, 78 NY2d 61, 65 [1991]; *see BP A.C. Corp. v One Beacon Ins. Group*, 8 NY3d 708, 714 [2007]). The duty to defend is not triggered, however, "when the only interpretation of the allegations

against the insured is that the factual predicate for the claim falls wholly within a policy exclusion" (*Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d 655, 656 [2008]; *see Richner Dev., LLC v Burlington Ins. Co.*, 81 AD3d 705, 706 [2011]; *Bruckner Realty, LLC v County Oil Co., Inc.*, 40 AD3d 898, 900 [2007]; *see also Automobile Ins. Co. of Hartford v Cook*, 7 NY3d 131, 137 [2006]; *Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d 533, 534 [2010]). An exclusion from coverage "must be specific and clear in order to be enforced" (*Seaboard Sur. Co. v Gillette Co.*, 64 NY2d 304, 311 [1984]), "and an ambiguity in an exclusionary clause must be construed most strongly against the insurer" (*Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d 760, 761 [2007]). Nevertheless, "the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (*Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co.*, 75 AD3d at 534; *see Guachichulca v Laszlo N. Tauber & Assoc., LLC*, 37 AD3d at 761).

Here, the defendant established its prima facie entitlement to judgment as a matter of law. The plain meaning of the exclusionary clause invoked by the defendant bars coverage for, inter alia, property damage arising out of work performed on behalf of the insured by a subcontractor where no prior written agreement exists indemnifying and holding harmless the insured in the event of a loss (*see Wilson v Sirius Am. Ins. Co.*, 44 AD3d 754 [2007]). The defendant submitted evidence showing that the property damage in the underlying action was caused by the work of a subcontractor hired by the insured plaintiffs, and that the insured plaintiffs' written agreement with this subcontractor did not contain the required indemnity and hold harmless language. Accordingly, the defendant established, prima facie, that it was not obligated to defend and indemnify the plaintiffs in the underlying action (*see Global Constr. Co., LLC v Essex Ins. Co.*, 52 AD3d at 656). In opposition to the defendant's prima facie showing, the plaintiffs failed to raise a triable issue of fact.

Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment and, for the same reason, properly denied the plaintiffs' cross motion for summary judgment.

Since this is an action for a declaratory judgment, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant is not obligated to defend and indemnify the plaintiffs in the underlying action (*see Lanza v Wagner*, 11 NY2d 317, 334 [1962], *appeal dismissed* 371 US 74 [1962], *cert denied* 371 US 901 [1962]). Skelos, J.P., Leventhal, Belen and Roman, JJ., concur.