In an action, inter alia, for a judgment declaring that the defendants Utica First Insurance Company, Progressive Casualty Insurance Company, and Vigilant Insurance Company are obligated to defend and indemnify Soho Plaza Corp. and Dermer Management, Inc., in an underlying personal injury action entitled Nolasco v Soho Plaza Corp., pending in the Supreme Court, Kings County, under index No. 7567/10, the defendant Progressive Casualty Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Partnow, J.), entered January 10, 2012, as denied its *519 motion, in effect, for a judgment declaring that it is not so obligated, and to dismiss the complaint insofar as asserted against it for failure to state a cause of action, and granted that branch of the separate motion of the defendant Utica First Insurance Company which was, in effect, for a judgment declaring that Utica First Insurance Company is not so obligated, and the plaintiffs separately appeal, as limited by their brief, from so much of the same order as granted that branch of the motion of the defendant Utica First Insurance Company which was, in effect, for a judgment declaring that Utica First Insurance Company is not so obligated.
Ordered that the appeal by the defendant Progressive Casualty Insurance Company from so much of the order as granted that branch of the motion of the defendant Utica First Insurance Company which was, in effect, for a judgment declaring that Utica First Insurance Company is not obligated to defend and indemnify the plaintiffs in the underlying action is dismissed, as the defendant Progressive Casualty Insurance Company is not aggrieved by that portion of the order (see CPLR 5511; Mixon v TBV, Inc., 76 AD3d 144, 156-157 [2010]); and it is further,
Ordered, that the order is affirmed insofar as reviewed on the appeal by the defendant Progressive Casualty Insurance Company and insofar as appealed from by the plaintiffs, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that the defendant Utica First Insurance Company is not obligated to defend and indemnify Soho Plaza Corp. and Dermer Management, Inc., in the underlying action; and it is further,
Ordered that one bill of costs is awarded to the defendant Utica First Insurance Company, payable by the plaintiffs, and one bill of costs is awarded to the plaintiffs, payable by the defendant Progressive Casualty Insurance Company.
The defendant Utica First Insurance Company (hereinafter Utica) issued a contractors’ special insurance policy (hereinafter the Utica policy) to the defendant Diamond Era Construction, Inc. (hereinafter Diamond). Diamond entered into a contract with the defendants Jason Birnbaum and Christy Birnbaum (hereinafter together the Birnbaums) to renovate a cooperative apartment they had recently acquired. The plaintiffs, Soho Plaza Corp. (hereinafter Soho) and Dermer Management, Inc. (hereinafter Dermer), are, respectively, the owner and manager of the building in which that apartment is located. As required by an agreement between the plaintiffs and the Birnbaums, the plaintiffs and the Birnbaums were named as additional insureds *520 under the Utica policy. In addition, the Birnbaums obtained personal insurance coverage from the defendant Vigilant Insurance Company (hereinafter Vigilant), as primary insurer, and from the defendant Progressive Casualty Insurance Company (hereinafter Progressive), as secondary insurer. The Progressive policy defined an “insured person” as, among others, “any person or organization with respect only to vicarious liability for the acts or omissions” of the named insured.
Henry Nolasco, an employee of Diamond, commenced an action (hereinafter the underlying action) against the plaintiffs to recover damages for personal injuries he allegedly sustained while working in the Birnbaums’ apartment. The plaintiffs impleaded the Birnbaums. The plaintiffs and the Birnbaums, respectively, tendered requests for the defense of the underlying action and third-party action to Utica. Utica disclaimed coverage, inter alia, on the ground that the Utica policy contained an exclusion for “bodily injury to any employee of any insured [i]f such claim for bodily injury arises out of and in the course of his/her employment.” The plaintiffs also tendered a request for the defense of the underlying action to Progressive. Progressive disclaimed coverage as well.
The plaintiffs then commenced this action, inter alia, for a judgment declaring that Utica and Progressive are obligated to defend and indemnify them in the underlying action. Utica moved, inter alia, in effect, for a judgment declaring that it is not so obligated, arguing that the employee exclusion clause in the Utica policy precluded coverage. Progressive separately moved, in effect, for a judgment declaring that it is not so obligated, and to dismiss the complaint insofar as asserted against it for failure to state a cause of action, arguing that the plaintiffs were not “insureds” under the Progressive policy because they were not vicariously liable for the Birnbaums’ negligence. The Supreme Court granted Utica’s motion and denied Progressive’s motion.
An insurer’s duty to defend is not triggered when the only possible interpretation of the allegations against the insured is that the factual predicate for the claim falls wholly within a policy exclusion (see Automobile Ins. Co. of Hartford, v Cook, 7 NY3d 131, 137 [2006]; Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 533-535 [2010]; Global Constr. Co., LLC v Essex Ins. Co., 52 AD3d 655, 656 [2008]). “An exclusion from coverage ‘must be specific and clear in order to be enforced’ (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]), and an ambiguity in an exclusionary clause must be construed most strongly against the insurer” (Guachi *521 chulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760, 761 [2007]; see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983]; Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d at 534; Ruge v Utica First Ins. Co., 32 AD3d 424, 426 [2006]). However, the plain meaning of a policy’s language may not be disregarded to find an ambiguity where none exists (see Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d at 533, 534; Bassuk Bros. v Utica First Ins. Co., 1 AD3d 470, 471 [2003]; Garson Mgt. Co. v Travelers Indem. Co. of Ill., 300 AD2d 538, 539 [2002]).
Here, the plain meaning of the exclusion invoked by Utica was that the Utica policy did not provide coverage for damages arising out of bodily injury sustained by an employee of any insured in the course of his or her employment (see Bassuk Bros. v Utica First Ins. Co., 1 AD3d at 471; see also Hayner Hoyt Corp. v Utica First Ins. Co., 306 AD2d 806, 807 [2003]; Consolidated Edison Co. of N.Y. v United Coastal Ins. Co., 216 AD2d 137 [1995]; Tardy v Morgan Guar. Trust Co. of N.Y., 213 AD2d 296 [1995]). Contrary to the plaintiffs’ contentions, the fact that the blanket additional insured endorsement contained its own additional exclusions did not eliminate the exclusions contained in the Utica policy. In construing an endorsement to an insurance policy, the endorsement and the policy must be read together, and the words of the policy remain in full force and effect except as altered by the words of the endorsement (see County of Columbia v Continental Ins. Co., 83 NY2d 618 [1994], citing Birnbaum v Jamestown Mut. Ins. Co., 298 NY 305, 310 [1948]). Accordingly, since the employee exclusion clause in the Utica policy unambiguously recited that coverage was precluded, the Supreme Court properly granted that branch of Utica’s motion which was, in effect, for a judgment declaring that Utica is not obligated to defend and indemnify the plaintiffs in the underlying action.
The Supreme Court also properly denied Progressive’s separate motion, in effect, for a judgment declaring that it is not obligated to defend and indemnify the plaintiffs in the underlying action, and to dismiss the complaint insofar as asserted against it for failure to state a cause of action. “An insurer must defend its insured whenever the allegations of a complaint in an underlying action ‘suggest... a reasonable possibility of coverage’ ” (Global Constr. Co., LLC v Essex Ins. Co., 52 AD3d at 656, quoting BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 714 [2007]; see Automobile Ins. Co. of Hartford v Cook, 7 NY3d at 137; Bruckner Realty, LLC v County Oil Co., Inc., 40 *522 AD3d 898, 900 [2007]; Shapiro v OneBeacon Ins. Co., 34 AD3d 259 [2006]). The duty to defend is not triggered, however, when, “as a matter of law . . . there is no possible factual or legal basis upon which the insurer might eventually be held to be obligated to indemnify the claimant under any provision of the insurance policy” (Bruckner Realty, LLC v County Oil Co., Inc., 40 AD3d at 900; see City of New York v Evanston Ins. Co., 39 AD3d 153, 157-158 [2007]). Here, the evidence submitted by Progressive, namely the Progressive policy, was insufficient to resolve all factual issues so as to determine the rights of the parties as a matter of law (see Hoffman v City of Syracuse, 2 NY2d 484, 487 [1957]; Matter of Tilcon N.Y., Inc. v Town of Poughkeepsie, 87 AD3d 1148, 1151 [2011]). Cooperative corporations and their agents are “owners” who are potentially liable under Labor Law §§ 240 (1) and 241 (6) when a contractor’s employee is injured while performing construction work in an apartment within a building owned by the cooperative corporation (see Guryev v Tomchinsky, 20 NY3d 194, 201 [2012]; DeSabato v 674 Carroll St. Corp., 55 AD3d 656, 658-659 [2008]). As owners, such cooperative corporations or their agents are subject to statutory liability for the breach of the nondelegable duties imposed upon them by Labor Law §§ 240 (1) and 241 (6), even where they are only vicariously liable (see McCarthy v Turner Constr., Inc., 17 NY3d 369, 374 [2011]; Rizzuto v L.A. Wenger Contr. Co., 91 NY2d 343, 350 [1998]; Rocovich v Consolidated Edison Co., 78 NY2d 509, 513 [1991]). Accordingly, the plaintiffs may be held vicariously liable under Labor Law §§ 240 (1) and 241 (6) if it is determined that the Birnbaums’ negligence was a proximate cause of the subject accident and, thus, Progressive has not shown that there is no reasonable possibility of coverage under its policy. Moreover, Progressive did not establish that the complaint failed to state a cause of action (see CPLR 3211 [a] [7]; Staver Co. v Skrobisch, 144 AD2d 449, 450 [1988]).
Since this is a declaratory judgment action, we remit the matter to the Supreme Court, Kings County, for the entry of a judgment, inter alia, declaring that Utica is not obligated to indemnify the plaintiffs in the underlying action (see Lanza v Wagner, 11 NY2d 317 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Rivera, J.P., Leventhal, Sgroi and Cohen, JJ., concur.