In an action for a judgment declaring that the defendant Harleysville Worcester Insurance Company is obligated to defend and indemnify ABM Mgmt. Corp. in an underlying action entitled Public Adm’r of Queens County, as Administrator of the Estate of Vicente Castro Hernandez v 65-41 Booth St., Owners, Inc., pending in the Supreme Court, Queens County, under index No.14881/09, the plaintiff appeals from an order of the Supreme Court, Queens County (Grays, J.), entered April 13, 2012, which granted that defendant’s motion for summary judgment declaring that it is not obligated to defend and indemnify the plaintiff in the underlying action, and denied the plaintiffs cross motion for summary judgment declaring that defendant is so obligated.
Ordered that the order is affirmed, with costs, and the matter is remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the defendant Harleysville Worcester Insurance Company is not obligated to defend and indemnify the plaintiff in the underlying personal injury action.
On June 11, 2007, Vincent Castro Hernandez (hereinafter the decedent) was fatally injured when a major artery in his arm was severed by a shattered glass entrance door of a building owned by 65-41 Booth Street Owners, Inc. (hereinafter the owner). From September 2002 through August 2006, the plaintiff, ABM Mgmt. Corp., acted as property manager for the owner. The defendant Harleysville Worcester Insurance Company (hereinafter the respondent) issued a liability policy to the owner, the provisions of which were in effect from June 1, 2007, to June 1, 2008.
The decedent’s estate commenced a personal injury action against, among others, the plaintiff. The plaintiff tendered its defense to the respondent based upon language in the policy which extended coverage to the owner’s real estate manager. However, the respondent rejected that tender on the ground that the plaintiff was not the owner’s real estate manager on *764 the date of the decedent’s injury or at any time during the effective dates of the policy.
This declaratory judgment action was initially commenced by the plaintiff as a third-party action in the underlying personal injury action, and was later severed from the personal injury action. The plaintiff seeks a judgment declaring that the respondent is obligated to defend and indemnify it in the personal injury action. The Supreme Court granted the respondent’s motion for summary judgment declaring that it has no such obligation, and denied the plaintiffs cross motion for summary judgment declaring that the respondent is so obligated.
In construing policy provisions defining the scope of coverage pursuant to a policy of insurance, courts “first look to the language of the policy” (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d 208, 221 [2002]), reading it “in light of common speech and the reasonable expectations of a businessperson” (Belt Painting Corp. v TIG Ins. Co., 100 NY2d 377, 383 [2003] [citation and internal quotation marks omitted]; see BP A.C. Corp. v One Beacon Ins. Group, 8 NY3d 708, 716 [2007]) and in a manner that “leaves no provision without force and effect” (Consolidated Edison Co. of N.Y. v Allstate Ins. Co., 98 NY2d at 222 [citation and internal quotation marks omitted]; see Vassar Coll. v Diamond State Ins. Co., 84 AD3d 942, 945 [2011]; Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d 670, 671 [2010]). “[U]nambiguous provisions of an insurance contract must be given their plain and ordinary meaning” (Richner Communications, Inc. v Tower Ins. Co. of N.Y., 72 AD3d at 671 [internal quotation marks omitted]), for “the plain language of the policy is determinative, [and a court] cannot rewrite the agreement by disregarding that language” (Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d 257, 264 [2011]; 131 Heartland Blvd. Corp. v C.J. Jon Corp., 82 AD3d 1188, 1189 [2011]). The issue of whether policy language is ambiguous and the interpretation of ambiguous provisions are questions of law for the court (see White v Continental Cas. Co., 9 NY3d 264, 267 [2007]; 140 Broadway Prop. v Schindler El. Co., 73 AD3d 717, 719 [2010]). Thus, “the [m]ere assertion by one that contract language means something to him [or her], where it is otherwise clear, unequivocal and understandable when read in connection with the whole contract, is not in and of itself enough to raise a triable issue of fact” (Nisari v Ramjohn, 85 AD3d 987, 990 [2011] [citations and internal quotation marks omitted]; see Richner Dev., LLC v Burlington Ins. Co., 81 AD3d 705, 706 [2011]).
Here, the respondent established its prima facie entitlement *765 to judgment as a matter of law. The respondent’s policy provided coverage for, inter alia, “ ‘bodily injury’ or ‘property damage’: (a) That occurs during the policy period; and (b) That is caused by an ‘occurrence.’ ” In addition to the named insured (i.e., the owner), the policy provided coverage to “[a]ny person (other than your employee), or any organization while acting as [the owner’s] real estate manager.”
Read together, and in light of “the reasonable expectations of a businessperson” (Belt Painting Corp. v TIG Ins. Co., 100 NY2d at 383), it is plain that these provisions of the respondent’s insurance policy are intended to cover the person or entity acting as the owner’s real estate manager during the policy’s effective dates and for “occurrences” which occur within those dates. To extend this coverage to the owner’s prior real estate managers and to acts or omissions outside the policy’s effective dates would improperly rewrite the parties’ agreement to include coverage which was never intended (see Fieldston Prop. Owners Assn., Inc. v Hermitage Ins. Co., Inc., 16 NY3d at 264; Morales v Allcity Ins. Co., 275 AD2d 736 [2000]).
In opposition to the respondent’s motion, the plaintiff failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted the respondent’s motion for summary judgment and denied the plaintiffs cross motion for summazy. judgment.
Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the respondent is not obligated to defend and indemnify the plaintiff in the underlying personal injury action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]). Rivera, J.R, Dillon, Chambers and Hinds-Radix, JJ., concur.