In an action, inter alia, for a judgment declaring that the defendant Mt. Hawley Insurance Company is obligated to defend and indemnify the plaintiff and certain additional insureds in an underlying action entitled Orellana v Avenue U Partners, LLC, commenced under index No. 30051/09 in the Supreme Court, Kings County, Mt. Hawley Insurance Company appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Martin, J.), dated July 5, 2012, as denied its cross motion for summary judgment declaring that it is not so obligated, without prejudice to renewal upon the completion of discovery.
Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion is granted, and the matter is remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Mt. Hawley Insurance Company is not obligated to defend or indemnify the plaintiff or the additional insureds in the underlying action.
The plaintiff had a commercial general liability insurance policy with the defendant Mt. Hawley Insurance Company (hereinafter Mt. Hawley). Fursuant to a contract with nonparty Kiska Group Ltd. (hereinafter Kiska), the plaintiff agreed to be a trade contractor on a construction project in Brooklyn (hereinafter the project). The contract required the plaintiff to have insurance naming Kiska and certain others as additional insureds. The plaintiffs policy with Mt. Hawley contained an additional insured endorsement naming those parties as additional insureds.
Jose Orellana, an employee of the plaintiff, allegedly was injured when he fell during work on the project. He commenced the underlying action against Kiska and other parties, all of which were named additional insureds under the plaintiff’s policy. The plaintiff timely notified Mt. Hawley of the claim, seeking coverage for Kiska and the other listed additional insureds. Mt. Hawley disclaimed coverage because the policy purportedly had been cancelled due to nonpayment of premiums. That coverage disclaimer was later supplemented with reliance on an Employer’s Liability exclusion, which excludes coverage *661 for “Bodily injury to: (1) An ‘employee’ of any insured arising out of and in the course of: (a) Employment by any insured.”
The plaintiff commenced this action, inter alia, for a judgment declaring that Mt. Hawley is obligated to defend and indemnify it and the additional insureds in the underlying action. The plaintiff moved, inter alia, for summary judgment against Mt. Hawley so declaring. Mt. Hawley cross-moved for summary judgment declaring that it is not so obligated. The Supreme Court denied summary judgment to both parties, without prejudice with leave to renew upon the completion of discovery, finding triable issues of fact on the issues of coverage and cancellation. Mt. Hawley appeals.
An exclusion from coverage “must be specific and clear in order to be enforced” (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311 [1984]). An ambiguity in an exclusionary clause must be construed most strongly against the insurer (see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398 [1983]; Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760 [2007]). “However, the plain meaning of a policy’s language may not be disregarded to find an ambiguity where none exists” (Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534 [2010]; see Bassuk Bros, v Utica First Ins. Co., 1 AD3d 470, 471 [2003]).
Mt. Hawley established its prima facie entitlement to judgment as a matter of law. The plain meaning of the exclusion invoked by Mt. Hawley was that the policy did not provide coverage for damages arising out of bodily injury sustained by an employee of any insured in the course of his or her employment (see Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d at 534). Since Orellana, the plaintiff in the underlying action, was an employee of the insured, his injury is not covered by the policy. Moreover, contrary to the plaintiffs contention, this exclusion also applies to coverage for the additional insureds (see Soho Plaza Corp. v Birnbaum, 108 AD3d 518, 521 [2013]; Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d at 534; Bassuk Bros. v Utica First Ins. Co., 1 AD3d at 471). In opposition, the plaintiff failed to raise a triable issue of fact. Accordingly, the Supreme Court should have granted Mt. Hawley’s cross motion for summary judgment declaring it is not obligated to defend or indemnify the plaintiff or the additional insureds in the underlying action.
In light of this determination, the parties’ contentions regarding the purported cancellation of the policy have been rendered academic.
Since this is, in part, a declaratory judgment action, the mat *662 ter must be remitted to the Supreme Court, Kings County, for the entry of a judgment declaring that Mt. Hawley Insurance Company is not obligated to defend or indemnify the plaintiff or the additional insureds in the underlying action (see Lanza v Wagner, 11 NY2d 317, 334 [1962], appeal dismissed 371 US 74 [1962], cert denied 371 US 901 [1962]).
Rivera, J.E, Leventhal, Hinds-Radix and Maltese, JJ., concur.