Northfield Ins. Co. v Fancy Gen. Constr., Inc. (2018 NY Slip Op 08670)





Northfield Ins. Co. v Fancy Gen. Constr., Inc.


2018 NY Slip Op 08670


Decided on December 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
MARK C. DILLON
JEFFREY A. COHEN
ANGELA G. IANNACCI, JJ.


2016-09509
 (Index No. 700883/14)

[*1]Northfield Insurance Company, respondent, 
v
Fancy General Construction, Inc., et al., defendants, Samuel Underberg, Inc., et al., appellants.


Hannum Feretic Prendergast & Merlino, LLC, New York, NY (Michael J. White of counsel), for appellant Samuel Underberg, Inc.
Barry McTiernan & Moore LLC, New York, NY (Laurel A. Wedinger of counsel), for appellants David Chalom and Henia Chalom.
Kenney Shelton Liptak Nowak LLP, Buffalo, NY (Judith Treger Shelton and Jessica L. Foscolo of counsel), for respondent.



DECISION & ORDER
In an action for declaratory relief, the defendant Samuel Underberg, Inc., appeals, and the defendants David Chalom and Henia Chalom separately appeal, from an order of the Supreme Court, Queens County (Robert L. Nahman, J.), entered August 12, 2016. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment declaring that it is not obligated to provide coverage to, nor defend and indemnify, the defendant Fancy General Construction, Inc., or any other party in an underlying action entitled Singh v Chalom, pending in the Supreme Court, Kings County, under Index No. 502950/12, and related third-party actions, and denied the separate cross motions of the defendant Samuel Underberg, Inc., and the defendants David Chalom and Henia Chalom for summary judgment declaring that the plaintiff has a duty to defend and indemnify the defendant Fancy General Construction, Inc., in the underlying action.
ORDERED that the order is affirmed insofar as appealed from, with one bill of costs payable by the appellants appearing separately and filing separate briefs, and the matter is remitted to the Supreme Court, Queens County, for the entry of judgment declaring that the plaintiff is not obligated to provide coverage to, nor defend and indemnify, the defendant Fancy General Construction, Inc., or any other party in an underlying action entitled Singh v Chalom, pending in the Supreme Court, Kings County, under Index No. 502950/12, and related third-party actions.
On October 5, 2011, Gurmail Singh allegedly was injured during the course of his employment with the defendant Fancy General Construction, Inc. (hereinafter Fancy General), at certain premises owned by the defendants David Chalom and Henia Chalom (hereinafter the Chalom defendants), and leased by the defendant Samuel Underberg, Inc. (hereinafter Samuel Underberg). At the time, the plaintiff had issued a commercial general liability policy to Fancy General, which contained an exclusion for bodily injury to an employee if the injury occurred in the course of employment.
In September 2012, Singh and his wife commenced an action against the Chalom defendants and Samuel Underberg, inter alia, to recover damages for personal injuries (hereinafter the underlying action). The Chalom defendants and Samuel Underberg then each commenced a third-party action against Fancy General and others (hereinafter the third-party actions).
Thereafter, the plaintiff commenced the instant action against, among others, Fancy General, Samuel Underberg, and the Chalom defendants seeking a judgment declaring that the plaintiff is not obligated to provide coverage to, nor defend and indemnify, Fancy General or any other party in the underlying action and the third-party actions. The plaintiff moved, inter alia, for summary judgment declaring that it is not obligated to provide coverage to, nor defend and indemnify, Fancy General or any other party in the underlying action and the third-party actions. Samuel Underberg and the Chalom defendants separately cross-moved for summary judgment declaring that the plaintiff has a duty to defend and indemnify Fancy General in the underlying action. The Supreme Court granted the motion and denied the cross motions. Samuel Underberg and the Chalom defendants separately appeal.
An exclusion from coverage "must be specific and clear in order to be enforced" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311). An ambiguity in an exclusionary clause must be construed most strongly against the insurer (see Ace Wire & Cable Co. v Aetna Cas. & Sur. Co., 60 NY2d 390, 398; Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760, 761). "However, the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534; see Bassuk Bros. v Utica First Ins. Co., 1 AD3d 470, 471).
Here, the plaintiff established its prima facie entitlement to judgment as a matter of law on that branch of its motion which was for summary judgment declaring that it is not obligated to provide coverage to, nor defend and indemnify, Fancy General or any other party in the underlying action and the third-party actions. The plain meaning of the exclusion was that the policy did not provide coverage for damages arising out of bodily injury sustained by an employee of any insured in the course of his or her employment (see Bayport Constr. Corp. v BHS Ins. Agency, 117 AD3d 660, 661; Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d at 534-535). Since Singh was an employee of Fancy General, his injuries were not covered by the policy. In opposition, Samuel Underberg and the Chalom defendants failed to raise a triable issue of fact. The remaining contentions of Samuel Underberg and the Chalom defendants are without merit. Accordingly, we agree with the Supreme Court's determination to grant that branch of the plaintiff's motion and, for the same reason, to deny the cross motions.
Since this is a declaratory judgment action, the matter must be remitted to the Supreme Court, Queens County, for the entry of a judgment declaring that the plaintiff is not obligated to provide coverage to, nor defend and indemnify, Fancy General or any other party in the underlying action and the third-party actions (see Lanza v Wagner, 11 NY2d 317, 334).
RIVERA, J.P., DILLON, COHEN and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court