Minchala v 829 Jefferson, LLC (2019 NY Slip Op 08398)





Minchala v 829 Jefferson, LLC


2019 NY Slip Op 08398


Decided on November 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
JOSEPH J. MALTESE
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI, JJ.


2018-04292
 (Index No. 709992/16)

[*1]Paul Minchala, plaintiff, 
v
829 Jefferson, LLC, defendant third-party plaintiff-respondent, et al., defendants; Ciano Concrete Corp., third-party defendant, Western Heritage Insurance Co., third-party defendant-appellant.


Goldberg Segalla LLP, Garden City, NY (Brendan T. Fitzpatrick, Sharon Angelino, and Court Cousins of counsel), for appellant.
Goldberg Weg & Markus PLLC, New York, NY (Steven A. Weg of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the third-party defendant Western Heritage Insurance Co. appeals from an order of the Supreme Court, Queens County (Salvatore Modica, J.), dated December 15, 2017. The order, insofar as appealed from, denied that branch of that third-party defendant's motion which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against it and, in effect, for a judgment declaring that it was not obligated to defend and indemnify the defendant 829 Jefferson, LLC, in the main action.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiff commenced this action against, among others, 829 Jefferson, LLC (hereinafter 829 Jefferson), for personal injuries he allegedly sustained while he was engaged in the "performance of construction, demolition, excavation, erection, repairing, altering, painting, cleaning, and/or pointing" at a building and work site located at 829 Jefferson Avenue in Brooklyn. Thereafter, 829 Jefferson commenced a third-party action against Ciano Concrete Corp. (hereinafter Ciano Concrete) and Ciano Concrete's insurer, Western Heritage Insurance Co. (hereinafter Western Heritage), seeking, inter alia, a declaration that Western Heritage was obligated to defend and indemnify 829 Jefferson in the main action. Western Heritage moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against it and, in effect, for a judgment declaring that it was not obligated to defend and indemnify 829 Jefferson in the main action. Western Heritage alleged that 829 Jefferson had hired Ciano Concrete to work as a contractor at the site, and that the plaintiff had been injured while working as an employee of Ciano Concrete, so that coverage for the plaintiff's injuries was excluded by an endorsement entitled "Exclusion-Injury to Contractors" in the insurance policy Western Heritage issued to Ciano Concrete. The Supreme Court denied that branch of Western Heritage's motion, and Western Heritage appeals.
Where "an insurer wishes to exclude certain coverage from its policy obligations, it [*2]must do so in clear and unmistakable' language" (Seaboard Sur. Co. v Gillette Co., 64 NY2d 304, 311, quoting Kratzenstein v Western Assur. Co. of City of Toronto, 116 NY 54, 59; see Fruchthandler v Tri-State Consumer Ins. Co., 171 AD3d 706). Any ambiguity in the terms of an insurance policy must be construed in favor of the insured and against the insurer (see White v Continental Cas. Co., 9 NY3d 264, 267; United States Fid. & Guar. Co. v Annunziata, 67 NY2d 229, 232; Soundview Assoc. v New Hampshire Ins. Co., 215 AD2d 370, 370). "However, the plain meaning of a policy's language may not be disregarded to find an ambiguity where none exists" (Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d 533, 534; see Bayport Constr. Corp. v BHS Ins. Agency, 117 AD3d 660, 661; Bassuk Bros. v Utica First Ins. Co., 1 AD3d 470, 471).
A party may move for judgment dismissing one or more causes of action asserted against it on the ground that a defense is founded upon documentary evidence (see CPLR 3211[a][1]). "Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law" (Leon v Martinez, 84 NY2d 83, 88; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; Rodolico v Rubin & Licatesi, P.C., 114 AD3d 923, 924). "[T]o be considered documentary,' evidence must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86 [internal quotation marks omitted]; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d 713, 714; Granada Condominium III Assn. v Palomino, 78 AD3d 996, 997). "[J]udicial records, as well as documents reflecting out-of-court transactions such as mortgages, deeds, contracts, and any other papers, the contents of which are essentially undeniable,' would qualify as documentary evidence' in the proper case" (Fontanetta v John Doe 1, 73 AD3d at 84-85; see Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714). However, affidavits, deposition testimony, and letters are not considered documentary evidence within the intent of CPLR 3211(a)(1) (see Rodolico v Rubin & Licatesi, P.C., 114 AD3d at 925; Cives Corp. v George A. Fuller Co., Inc., 97 AD3d at 714; Granada Condominium III Assn. v Palomino, 78 AD3d at 997; Fontanetta v John Doe 1, 73 AD3d at 85-86).
Here, in support of that branch of its motion which was pursuant to CPLR 3211(a)(1) to dismiss the third-party complaint insofar as asserted against it and, in effect, for a judgment declaring that it was not obligated to defend and indemnify 829 Jefferson in the main action, Western Heritage submitted a certified copy of the relevant insurance policy, a tender letter from 829 Jefferson's counsel, Western Heritage's disclaimer letter, and an affidavit from an employee of Western Heritage. The relevant insurance policy, which qualifies as documentary evidence, includes an endorsement entitled "Exclusion-Injury to Contractors" which unequivocally establishes that the policy does not require Western Heritage to defend, indemnify, or contribute with another because of bodily injury to any employee of any insured or contractor (see Total Concept Carpentry, Inc. v Tower Ins. Co. of N.Y., 95 AD3d 411; see also Northfield Ins. Co. v Fancy Gen. Constr., Inc., 167 AD3d 916, 918; Bayport Constr. Corp. v BHS Ins. Agency, 117 AD3d at 661; Soho Plaza Corp. v Birnbaum, 108 AD3d 518, 521; Campoverde v Fabian Bldrs., LLC, 83 AD3d 986, 988; Richner Dev., LLC v Burlington Ins. Co., 81 AD3d 705, 706; 385 Third Ave. Assoc., L.P. v Metropolitan Metals Corp., 81 AD3d 475, 476; Howard & Norman Baker, Ltd. v American Safety Cas. Ins. Co., 75 AD3d at 534-535; Makan Exports, Inc. v U.S. Underwriters Ins. Co., 43 AD3d 883, 885; Guachichulca v Laszlo N. Tauber & Assoc., LLC, 37 AD3d 760, 762). However, the insurance policy does not establish that the plaintiff was an employee of any insured or contractor, and the other evidence submitted by Western Heritage does not qualify as documentary evidence. Accordingly, Western Heritage failed to submit documentary evidence conclusively establishing a defense as a matter of law (see CPLR 3211[a][1]; Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d at 88; Fontanetta v John Doe 1, 73 AD3d at 87), and we agree with the Supreme Court's determination denying that branch of Western Heritage's motion which was to dismiss the third-party complaint insofar as asserted against it and, in effect, for a judgment declaring that it was not obligated to defend and indemnify 829 Jefferson in the main action.
MASTRO, J.P., MALTESE, CONNOLLY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court